Hillard E. **SMITH**, Appellant,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Appellee.

No. 12608.

United States Court of Appeals Fourth Circuit.

Oct. 2, 1968.

Hillard E. Smith, in pro. per.

Overton P. Pollard, Asst. Atty. Gen. of Virginia, Richmond, Va., for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

MEMORANDUM DECISION

PER CURIAM.

Hillard E. Smith seeks to appeal from an order of the District Court, 295 F. Supp. 1379 (Dalton, J.) dismissing his petition for habeas corpus, without requiring an answer, on the ground that he had failed to exhaust his state remedies. The basis of this ruling was that the petitioner had failed to seek an appeal from the denial of state habeas corpus.

We disagree. In his petition Smith alleges that a confession illegally obtained from him was used at his trial. Smith claims that the issue was raised and decided against him at his trial, and that it was again raised in the Virginia Supreme Court of Appeals on petition for writ of error. This is supported by the demurrer filed by the state in his state habeas corpus application, which opposed relief on the ground that the issue had already been raised in and decided by the Supreme Court of Appeals. The state court granted the demurrer and dismissed his petition.

Under the circumstances it seems fruitless to require the petitioner to make yet another trip to the Supreme Court of Appeals. It is settled that constitutional issues properly presented at trial and on direct appeal need not, under normal circumstances, be further presented to state courts. Edmondson v. Warden, 335 F.2d 608 (4th Cir. 1964); Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960); Massey v. Peyton, No. 11,280 mem. dec., June 7, 1967. Assuming the correctness of petitioner's allegations as to the procedures he followed, he has sufficiently complied with the exhaustion requirement.

The District Court did not have before it copies of the state's demurrer and the order granting it and dismissing the petition in the state court, which the petitioner has submitted to us. Nevertheless, his petition did contain allegations on the same point, and the petition should not have been dismissed without requiring the state to answer.

If it appears that the petitioner's allegations as to what he has done to exhaust his remedies are correct, the district judge must proceed to a determination of the merits. If the issue of

the admissibility of the confession was in fact raised at the trial, and if a hearing which meets the standards of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963), was conducted at trial on its admissibility, the district judge may, of course, determine the constitutional issue on the basis of the facts found in the state court.

We reverse the dismissal and remand for further proceedings.