James Dale EDWARDS, Appellant,

v.

Harold R. SWENSON, Warden, Appellee.

No. 20249.

United States Court of Appeals,
Eighth Circuit.

July 16, 1970.

James Dale Edwards, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Kenneth M. Romines, Asst. Atty. Gen., on brief for appellee.

Before VOGEL, GIBSON and BRIGHT, Circuit Judges.

VOGEL, Circuit Judge.

Petitioner-appellant is a state convict presently confined in the Missouri State Penitentiary. He has petitioned the District Court for a writ of habeas corpus adjudicating as invalid his state conviction of first degree murder. This is appellant's second application for writ of habeas corpus, his first having been dismissed for failure to exhaust state remedies under the provisions of 28 U.S.C.A. § 2254(c). Appellant asserts that on December 16, 1965, he was convicted by a jury in the Circuit Court of St. Louis County of the offense of murder in the first degree; that he was sentenced on that conviction to a term of life imprisonment; that he appealed from the judgment of conviction and imposition of sentence; that the Supreme Court of Missouri affirmed the conviction and sentence on appeal on December 9, 1968 (see State v. Edwards, Mo., 435 S.W.2d 1); that he subsequently filed a petition for federal habeas corpus in the United States District Court for the Western District of Missouri, which was transferred on March 13, 1969, to the United States District Court for the Eastern District of Missouri; that the latter court dismissed the petition for writ on March 28, 1969, and on April 16, 1969, denied appellant leave to appeal in forma pauperis and denied a certificate of probable cause, both actions being affirmed by the United States Court of Appeals for the Eighth Circuit.

In appellant's first application for a writ of federal habeas corpus he recited some eight separate grounds of constitutional error. His second application, the current one, is based upon approximately the same grounds, subsequently, however, waiving all grounds with the exception of two: (1) That he was denied the assistance of counsel, contrary to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; and (2) that his conviction was based upon an involuntary confession, contrary to the Fourteenth Amendment. He asserts that these, as well as the other claimed errors, were passed upon by the Supreme Court of Missouri in his direct appeal as reflected in that court's opinion published in 435 S.W.2d 1, and that he should not be forced to utilize the provision of Missouri's post-conviction rule, Missouri Supreme Court Rule 27.26, V.A.M.R. In other words, he claims that he has exhausted his state remedies and is entitled to a hearing on the merits in federal court.

■ A consideration of the Supreme Court of Missouri's opinion in 435 S.W. 2d 1–8 indicates that that court did consider and discuss appellant's eight points, including the two main points now relied on; namely, denial of the assistance of counsel and that the conviction was based upon an involuntary confession obtained in violation of the provisions of the Constitution of the United States.[1] Under the circumstances we think that the appellant has exhausted his state remedies and was entitled to a hearing on the merits in the court below.

■ The Supreme Court of Missouri has ruled that where the merits of a contention have been determined on direct appeal, they will not be again considered in a post-conviction attack under Missouri Supreme Court Rule 27.26. State v. Durham, Mo., 1967, 416 S.W.2d 79; State v. McMillian, Mo., 1964, 383 S.W.2d 721. The Supreme Court of the United States has held that:

"It is not necessary in such circumstances for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review with another petition for certiorari directed to this Court." Brown v. Allen, 1953, 344 U.S. 443 at 447, 73 S.Ct. 397 at 402, 97 L. Ed. 469.

The Supreme Court reached the result after considering the exhaustion requirement in 28 U.S.C.A. § 2254 id. at note 2. In our case of Kennedy v. Sigler, 8 Cir., 1968, 397 F.2d 556, 559, we stated:

" * * * issues litigated on direct appeal are not to be relitigated in a proceeding under the post-conviction statute."

See, also, Smith v. Peyton, 4 Cir., 1968, 408 F.2d 1009. That court was confronted with a similar situation and said, at page 1010:

"Under the circumstances it seems fruitless to require the petitioner to make yet another trip to the Supreme Court of Appeals. It is settled that constitutional issues properly presented at trial and on direct appeal need not, under normal circumstances, be further presented to state courts. Edmondson v. Warden, 335 F.2d 608 (4th Cir. 1964); Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960); Massey v. Peyton, No. 11,280 mem.

---

1. On direct appeal appellant's second issue read:

"The Court erred in over-ruling objections of appellant on the admissibility of the alleged written and oral statements of appellant because of the failure of the police officers to advise appellant of his rights to counsel prior to making any statement and the trial court's failure to making [sic] a finding that the statements admitted in evidence were voluntarily made prior to their submission to the jury."

Appellant cited, inter alia, Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, in support of the contention.

dec., June 7, 1967. Assuming the correctness of petitioner's allegations as to the procedures he followed, he has sufficiently complied with the exhaustion requirement."

In our opinion, it would be a useless procedure to force the appellant here to comply with the provisions of the Supreme Court of Missouri Rule 27.26. This case is reversed and remanded to the District Court for a determination on the merits.