This opinion will serve as the Court's findings of fact and conclusions of law. An order will be entered accordingly.

**James Dale EDWARDS, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

**No. 70 C 48(1).**

United States District Court, E. D. Missouri, E. D.

May 14, 1971.

Charles P. Bubany, Goldstein & Price, St. Louis, Mo., for petitioner.

John C. Danforth, Atty. Gen., of Mo., Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM

JAMES H. MEREDITH, Chief Judge.

Petitioner was convicted on December 16, 1965, by a jury in the Circuit Court of St. Louis County, Missouri, of murder in the first degree. A sentence of

life imprisonment was imposed. Petitioner appealed to the Supreme Court of Missouri, which affirmed his conviction and sentence on December 9, 1968, in State of Missouri v. Edwards, 435 S.W. 2d 1 (Mo.1968). Prior to deciding his appeal, the Missouri Supreme Court had returned the case to the trial court for an express finding on the voluntariness of petitioner's signed confession and statements which were admitted against him at his trial. This procedure was employed because the trial court had conducted a hearing on the petitioner's motion to suppress, but failed to find that the statements were voluntarily made. The trial court found that the statements and the confession were voluntarily made.

Petitioner filed a petition for habeas corpus in the United States District Court for the Western District of Missouri, which was transferred to the United States District Court for the Eastern District of Missouri on March 13, 1969. The Court dismissed the petition on March 18, 1969, and denied petitioner leave to appeal in forma pauperis and a certificate of probable cause on April 16, 1969. The United States Court of Appeals for the Eighth Circuit affirmed the action of the district court.

On February 2, 1970, petitioner's second petition for a writ of habeas corpus was dismissed by this court. On July 16, 1970, the United States Court of Appeals for the Eighth Circuit reversed the order of this court dismissing the petition for habeas corpus, and remanded the case to this court for a determination on the merits, 429 F.2d 1291. On September 30, 1970, a hearing was held on petitioner's motion for a writ of habeas corpus.

Petitioner raises two contentions in support of his petition for habeas corpus: (1) that he was denied the assistance of counsel, contrary to the holding of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); and (2) that his conviction is invalid because it is founded upon an involuntary confession.

The facts are as follows: Shortly after 9:00 a. m., on February 23, 1965, Miss Carol Sussex was found dead in her apartment in Edmundson Terrace, St. Louis County, Missouri. Investigation by the St. Louis County Police Department revealed that Miss Sussex had been strangled to death. After discovery of information that the victim was last seen alive in the company of the petitioner, the police interrogated petitioner on February 23, 1965. Eight days later, on March 3, 1965, petitioner was arrested at his mother's home for the murder of Miss Sussex. At that time the petitioner was advised of his constitutional right to remain silent and that anything he said could be used against him and that he had a right to an attorney. After this, petitioner was taken to the St. Louis County Police headquarters.

Petitioner at first denied that he had killed Miss Sussex, but, after about an hour's questioning, he admitted the murder. A court reporter was called to the police headquarters and a statement, in question and answer form, was taken from petitioner and reduced to writing. Petitioner signed the statement which admitted the murder. Petitioner also stated in his confession that he was advised of his right to remain silent and that anything he said might be used against him, that he was not promised anything nor threatened, and that he gave the confession after telling police that he wished to make a voluntary statement and that he did not wish to consult with an attorney or friend because as he stated, "there's no need to."

In this case, the trial court conducted a hearing on the voluntariness of the confession. The trial court concluded that the confession was voluntary and not coerced. A review of the transcript of the trial and of the credible evidence adduced at the hearing conducted in this Court supports the conclusion that the confession was voluntary and not coerced.

This Court finds that the petitioner was advised of his constitutional right

to remain silent and that anything he said could be used against him and that he had a right to legal counsel. The Court also finds that the confession of the petitioner was voluntary and not the product of coercion. Therefore, the petitioner's motion for a writ of habeas corpus will be denied.