**Theodore A. DUISEN, Petitioner,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.**

No. 77–1399.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 1, 1977.

Decided Dec. 6, 1977.

Theodore A. Duisen, pro se.

John D. Ashcroft, Atty. Gen., and Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., on brief, for respondent.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

In 1966 petitioner, Theodore A. Duisen, was convicted of murder in a Missouri state court and sentenced to death. The sentence was later reduced to life imprisonment. Petitioner is presently incarcerated in the state penitentiary at Jefferson City, Mis-souri. It is not contested that petitioner has exhausted his state remedies. See *State v. Duisen,* 428 S.W.2d 169 (Mo.1967), *cert. denied,* 390 U.S. 962, 88 S.Ct. 1063, 19 L.Ed.2d 1159 (1968); *see also Edwards v. Swenson,* 429 F.2d 1291 (8th Cir. 1970).

Petitioner filed this section 2254 motion in the United States District Court for the Eastern District of Missouri.[1] The action was then referred to a United States Magistrate for initial review and recommendation under 28 U.S.C. § 636(b). The recommendation of the magistrate that the action be dismissed with prejudice was adopted by the district court.

The sole issue raised by petitioner in his section 2254 motion in the district court was that he is entitled to a new trial because at the state trial which resulted in his murder conviction he was denied his right to due process because the instruction to the jury on insanity placed the burden of proving insanity on the defendant rather than on the government. The record discloses that the jury was instructed that "[m]urder in the first degree is the killing of a human being feloniously, willfully, deliberately, premeditatedly and with malice afore-thought." Each of the elements of the required state of mind was defined, and the jury was further instructed that defend-ant's guilt must be established by the state beyond a reasonable doubt.

The court further told the jury that de-fendant was presenting the defense that he was "not guilty by reason of a mental dis-ease or defect excluding responsibility." In connection therewith the trial court in-structed the jury that "the law presumes that the defendant at the time of the con-duct charged against him was free of such a mental disease, and the burden rests upon the defendant to prove otherwise by a pre-ponderance or greater weight of the evi-dence." The jury was further told that this presumption may be considered by the jury along with all other evidence in the case and that, if the defense was proven by a preponderance or greater weight of the evi-dence, then it was their duty to return a

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

verdict of "Not Guilty By Reason of Mental Disease or Defect Excluding Responsibility."

In *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), the defendant had been convicted in an Oregon state court of murder in the first degree. State statutes required that the defendant prove his insanity beyond a reasonable doubt. The Supreme Court held that placing the burden of proving insanity on the defendant was not a violation of due process. Thus, the sole issue presented in this appeal is whether the Supreme Court's opinion in *Leland v. Oregon, supra,* is still good law in light of the subsequent Supreme Court decisions of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

Any doubts as to the merits of petitioner's argument are settled by the recent Supreme Court case of *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). In *Patterson* the Supreme Court expressly declined to overturn its holding in *Leland*. *Id.* 97 S.Ct. at 2325. Consequently, the decision of the district court to dismiss this action with prejudice is affirmed.

Affirmed.