Bill C. NELSON, II, Appellant,

v.

Terrell Don HUTTO, Commissioner, Arkansas Department of Correction, Appellee.

No. 78–1706.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1979.

Decided May 4, 1979.

Bill D. Etter of Brown & Etter, Little Rock, Ark., for appellant.

Bill Clinton, Atty. Gen., and E. Alvin Schay, Deputy Atty. Gen., Little Rock, Ark., for appellee.

Before GIBSON, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Petitioner Bill C. Nelson II appeals from the denial of his application for writ of habeas corpus by the district court.[1] Petitioner was charged in an Arkansas state court with the offense of first degree murder, to which he entered a plea of not guilty by reason of insanity. In 1973, after a jury trial, petitioner was found guilty of first degree murder and sentenced to life imprisonment in the Arkansas state penitentiary. His conviction was affirmed by the Arkansas Supreme Court. *Nelson v. State,* 257 Ark. 1, 513 S.W.2d 496 (1974). Petitioner's Rule 1 (now Rule 37) petition for post-conviction relief was denied in 1975. Thereafter, petitioner filed his *pro se* petition for writ of habeas corpus in the federal district court. The petition was denied. The district court then granted a certificate. of probable cause and petitioner has appealed.

For the reasons discussed below, we affirm the judgment of the district court.

As grounds for relief petitioner argues that (1) the Arkansas law placing the burden of proving insanity by a preponderance of the evidence upon a defendant violates due process and (2) the state trial court's refusal to permit two medical records custodians to read portions of petitioner's medical records to the jury violated state law and due process. Petitioner's first issue was addressed in *Duisen v. Wyrick,* 566 F.2d 616 (8th Cir. 1977). In *Duisen* this Court concluded that *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), in which the Supreme Court held that a state court rule placing the burden of proving insanity on the defendant did not violate due process, was still good law. We reviewed the same cases petitioner has cited in the present case, *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and noted that the Supreme Court in *Patterson* expressly declined to overrule *Leland. Duisen v. Wyrick, supra,* 566 F.2d at 617, *citing Patterson v. New York, supra,* 432 U.S. at 207, 97 S.Ct. 2319. Consequently, the district court did not err in denying petitioner relief on this issue.

Second, petitioner argues that the state trial court's refusal to permit the medical records custodians to read portions of the medical records to the jury was contrary to state law and violated due process. The question of the admissibility of evidence is usually a matter of state law which does not involve federal constitutional issues and thus is not within the scope of habeas corpus relief. *E. g., Schleicher v. Wyrick,* 529 F.2d 906, 911 (8th Cir. 1976); *Atwell v. Arkansas,* 426 F.2d 912, 915 (8th Cir. 1970). We note that the medical records themselves were admitted into evidence and that petitioner's parents, the defense psychiatrist and the psychiatrist for the state were allowed to testify. Petitioner has not shown in what way, if any, he was prejudiced by the action of the trial court. In view of the substantial testimony permitted and the admission of the medical records themselves, we agree with the determination of the state supreme court: even if the evidentiary ruling of the trial court was erroneous, *no possible prejudice could have resulted. See Nelson v. State, supra,* 257 Ark. at 8, 513 S.W.2d at 501.

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.