**Allan Frank DAVIS, Appellant,**

v.

**Jerry CAMPBELL, Acting Warden, Appellee.**

No. 79–1207.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 31, 1979.

Decided Nov. 2, 1979.

**318**

Allan Frank Davis, pro se.

Steve Clark, Atty. Gen. and Joseph H. Purvis, Deputy Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Allan Frank Davis, an inmate of the Cummins Unit of the Arkansas Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and appeals the district court's[1] denial of relief. For the reasons indicated below, we reach the merits of claims which have been presented to state courts, reversing and remanding the remainder for exhaustion of state post-conviction remedies.

Appellant was tried for first-degree murder of his wife in Circuit Court of Garland County, Arkansas, and was convicted despite a defense of not guilty by reason of insanity. His conviction was upheld by the Supreme Court of Arkansas. *Davis v. State*, 246 Ark. 838, 440 S.W.2d 244 (1969). Eight years later, without resort to Arkansas post-conviction remedies, appellant in 1977 filed the present petition for federal habeas corpus relief.

Appellant's pro se petition[2] realleged four claims previously considered by the Arkansas Supreme Court.[3] *Davis v. State*, 246 Ark. 838, 440 S.W.2d 244 (1969). Of these claims, the striking of jurors with scruples against capital punishment was rendered moot by the commutation of appellant's sentence of death to life imprisonment.

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

2. Davis first appeared pro se. Retained counsel later submitted a memorandum in support of Davis' petition, alleging several additional grounds for habeas corpus relief.

3. Appellant objected to the exclusion of jurors with scruples against capital punishment; the introduction into evidence of inflammatory photographs; the denial of a new trial although evidence of insanity outweighed evidence of competency; and the giving of improper jury instructions.

Two of the other three claims are not cognizable under 28 U.S.C. § 2254, which affords relief to persons held "in custody in violation of the Constitution or laws or treaties of the United States."

■ The admissibility of evidence is usually a matter of state law and procedure and does not involve federal constitutional issues. A justiciable federal issue is presented in a habeas corpus proceeding only where trial errors infringe upon a specific constitutional protection or are so prejudicial as to amount to denial of due process. *Cooper v. Campbell,* 597 F.2d 628, 632–33 (8th Cir. 1979), *citing Hogan v. Nebraska,* 535 F.2d 458, 460 (8th Cir. 1976); *Nelson v. Hutto,* 597 F.2d 137, 138 (8th Cir. 1979); *Schleicher v. Wyrick,* 529 F.2d 906, 911 (8th Cir. 1976).

■ In the present case, appellant objects to the introduction of photographs of the murder scene and of his mother-in-law's body. The murder of appellant's wife, for which he was convicted, and the shooting of his mother-in-law were part of a single occurrence. The photographs in question were admissible both to explain what had occurred and for the purpose of showing malice. We hold that the introduction of these photographs into evidence does not rise to the level of constitutionally cognizable error. *Cooper v. Campbell, supra,* 597 F.2d at 632–33.

■ Appellant next objects to "certain [jury] instructions." His petition does not pinpoint particular instructions, but we assume his objection is aimed at the instructions involved in his direct appeal. *Davis v. State, supra,* 440 S.W.2d at 248–49. The Arkansas Supreme Court found that instructions on burden of proof and intent were given in accordance with the evidence

in the case and the law of Arkansas. *Id.* In view of this finding and in view of appellant's scant presentation of his claim in this habeas corpus proceeding,[4] we see no error so fundamental as to raise a cognizable due process issue. As a general rule, improper jury instructions are not a basis for habeas corpus relief. *Cooper v. Campbell, supra,* 597 F.2d at 631, *citing DeBerry v. Wolff,* 513 F.2d 1336, 1338–39 (8th Cir. 1975); *Spratlin v. Solem,* 577 F.2d 56, 60 (8th Cir. 1976). Cf. *United States ex rel. Matthews v. Johnson,* 503 F.2d 339 (3d Cir. 1974) (en banc), *cert. denied sub nom. Cuyler v. Matthews,* 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975) (refusal of trial court to give requested instruction on voluntary manslaughter was denial of due process).

A closer claim, and one which rises to constitutional dimensions, is that evidence of insanity outweighed evidence of competency and, therefore, that appellant's conviction rests on insufficient evidence. The Arkansas Supreme Court rejected this contention, holding that "there was testimony from which the jury could have found either way." *Davis v. State, supra,* 440 S.W.2d at 248.

■ Our view of this claim is controlled by the Supreme Court's recent decision in *Jackson v. Virginia,* —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Court held that sufficiency of the evidence supporting conviction is cognizable as a federal constitutional claim under 28 U.S.C. § 2254. *Id.* 99 S.Ct. at 2790. Habeas corpus relief is warranted if the record shows that no rational trier of fact could have found proof of guilt beyond a reasonable doubt.[5] *Id.* at 2792.

■ It is not dispositive that the Arkansas Supreme Court found sufficient evi-

---

4. Retained counsel did not argue the jury instruction issue.

5. The Supreme Court expressly abandoned the test set forth in *Thompson v. City of Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), under which due process was violated only if conviction was devoid of evidentiary support. *Jackson v. Virginia, supra,* 99 S.Ct. at 2790. Under the *Thompson* standard, which

we now abandon, we have held that sufficiency of the evidence to support a conviction raises no federal constitutional question and cannot be considered in a habeas corpus proceeding. *See, e. g., Cooper v. Campbell, supra,* 597 F.2d at 631; *Cunha v. Brewer,* 511 F.2d 894, 898 (8th Cir. 1975); *Hendricks v. Swenson,* 456 F.2d 503 (8th Cir. 1972).

dence to support the jury's verdict. Under *Jackson v. Virginia,* the decision of the state court is not conclusive and does not bar a claim under § 2254, *id.* at 2791, although the fact that the state court invoked the proper standard entitles its decision to great weight. *Id.* at 2791 n. 15. State proceedings cannot be presumed to be without error in the constitutional sense. *Id.* at 2791. The question on this appeal, therefore, is whether no rational trier of fact could have found appellant guilty beyond a reasonable doubt. *Id.* at 2792.

■ The record reveals testimony by two doctors that appellant was insane, and testimony by two doctors that he was mentally competent. Applying the *Jackson* standard to this evidence, we find no basis for habeas corpus relief. There is ample basis in the state transcript for a finding of sanity where, as here, the evidence is equally balanced and the testimony of those who testified that appellant was sane is worthy of belief. We note that on slimmer evidence, consisting merely of lay testimony, the Supreme Court has upheld a finding of sanity under the *Jackson* standard. *Moore v. Duckworth,* —— U.S. ——, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979).

■ With the aid of retained counsel,[6] appellant raised three additional claims in district court. These are the allegation of sixth amendment violation in the lack of a competency hearing immediately before trial, the claim of fifth and sixth amendment violation in an examination by state psychiatrist Dr. Charles Yohe, and the claim of denial of due process and sixth amendment rights in several *in camera* hearings. None of these claims was raised on direct appeal,[7] and none has been the subject of state post-conviction proceedings.[8]

Exhaustion of state remedies is an express requirement of federal habeas corpus relief under 28 U.S.C. § 2254(b).[9] Even though the state has not argued non-exhaustion in the present case, we defer to the statutory requirement out of respect for state-federal comity, raising the issue of exhaustion *sua sponte.* *Conner v. Auger,* 595 F.2d 407, 413 (8th Cir. 1979); *Blackwell v. Wolff,* 454 F.2d 48, 50 (8th Cir. 1972); *Johnson v. Bennett,* 386 F.2d 677, 678 (8th Cir. 1967), *vacated on other grounds,* 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968).

■ In the present case, the state erroneously conceded in its district court pleadings that state remedies were exhausted. This fact could be viewed as a waiver of the exhaustion requirement. However, we find no precedent recognizing inadvertent waiver of exhaustion, and we accordingly decline to recognize the state's error as an express waiver.[10]

6. *See* note 2 *supra.*

7. Although the opinion of the Arkansas Supreme Court considered appellant's absence from *in camera* hearings, we cannot say that the Court ruled on appellant's absence under due process standards. *Davis v. State, supra,* 440 S.W.2d at 249. The issues of state psychiatric exam and lack of a competency hearing escape mention altogether in the Arkansas Supreme Court opinion.

8. State post-conviction remedies are available to appellant under Rules 37.1 and 37.2, Ark.R. Crim.P. Rule 37.2 states that a defendant who has made direct appeal to the Arkansas Supreme Court can petition for habeas corpus relief only with permission of the Arkansas Supreme Court. However, we have no reason to believe that permission would be denied if appellant were to avail himself of this remedy.

9. 28 U.S.C. § 2254(b) provides in relevant part: An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.

10. We have recognized, but only in dicta, that exhaustion may be waived where the state's waiver is express. *Blackwell v. Wolff,* 454 F.2d 48, 50 (8th Cir. 1972), *citing Jenkins v. Fitzberger,* 440 F.2d 1188 (4th Cir. 1971) (exhaustion was waived where state attorney general requested that federal court reach the merits despite failure to exhaust), *and Tolg v. Grimes,* 355 F.2d 92 (5th Cir.), *cert. denied,* 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005 (1966). We note that there is a contrary line of authority. *United States ex rel. Trantino v. Hatrack,* 563 F.2d 86, 96–97 (3d Cir. 1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978) (exhaustion inquiry will not be stayed by a state prosecutor's willingness to have federal court reach the merits); *United States ex rel. Sostre v. Festa,* 513 F.2d 1313, 1314 n. 1 (2d

Appellant has raised one final allegation which cannot be recognized, both because it is unexhausted as to state remedies and because it is raised for the first time on appeal. *Young v. Arkansas,* 533 F.2d 1079, 1080 (8th Cir. 1976). This claim, that the arresting officer failed to issue *Miranda* warnings, can properly be raised in Arkansas post-conviction proceedings along with other unexhausted claims.

Judgment is reversed and remanded as to the issues of a pre-trial competency hearing, examination by Dr. Yohe, appellant's absence from chamber conferences, and lack of *Miranda* warnings, with directions to dismiss the petition on the ground that petitioner failed to exhaust his state remedies. Judgment is affirmed as to the claims of improper jury selection, the admissibility of photographic evidence, erroneous jury instructions, and the sufficiency of the evidence of sanity.

Cir.), *cert. denied,* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975); *Needel v. Scafati,* 412 F.2d 761, 765–66 (1st Cir.), *cert. denied,* 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113 (1969).

In the facts of this case, we hold merely that erroneous pleading by the state will not be recognized as an express waiver of the exhaustion requirement. We do not reach the broader question of whether the state prosecutor is empowered to waive exhaustion in a more deliberate manner.