505 F.Supp. 69 (1980)
Lenwood COLE, Plaintiff,
v.
Donald W. WYRICK et al., Defendants.
No. 80-905C(5).
United States District Court, E. D. Missouri, E. D.
December 17, 1980.
*70 Lenwood Cole, pro se.
Rita Chorenziak, and Jerry Short, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court on the petition of Lenwood Cole for a writ of habeas corpus under 28 U.S.C. § 2254.
Petitioner Lenwood Cole, a Missouri state prisoner, was convicted of second degree murder and assault with intent to kill with malice aforethought. The charges stemmed from the shooting of two policemen at Cole's home in 1976. These convictions were affirmed on direct appeal by the Missouri Court of Appeals. State v. Cole, 588 S.W.2d 94 (Mo.App. 1979). Petitioner has exhausted his state remedies.
In his petition, Cole alleges that:
1. There was insufficient evidence to establish the required mental state to sustain his conviction.
2. The admission of evidence of the victims' family status and the admission of a photograph of the crime scene violated his right to a fair trial.

*71 3. The trial court's instruction on voluntary intoxication commented upon and misstated the evidence, and the trial court failed to give the defendant's offered instructions on diminished responsibility.
4. The prosecutor's closing argument was impermissibly prejudicial.

Sufficiency of the Evidence
Under 28 U.S.C. § 2254 a state prisoner is entitled to habeas corpus only if the record shows that upon the evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed. 560 (1979); Davis v. Campbell, 608 F.2d 317, 319 (8th Cir. 1979). Once the defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through the legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution (emphasis in original). Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.
Dr. Joseph S. Shuman, M.D., testified that he examined Cole and diagnosed that Cole was reasonably alert at the time of the incident (State Transcript, p. 376). Dr. Shuman concluded, based on examinations, that Cole was under the influence of alcohol at the time of the shooting, but "not so far [that] he didn't know what he was doing." (St. Tr., p. 377). Officer Joseph Didden, one of the policemen shot by Cole, testified that Cole appeared to have full control of his faculties on the night of the shooting (St. Tr. 65). Officers Leonard Endicott and Robert Schulte, two of the policemen who arrested Cole shortly after the shooting, testified that Cole did not appear to be drunk (St. Tr. 82, 103). In addition, Dr. Nathan Simon testified under cross-examination that his psychological tests did not indicate that Cole suffered any type of mental disorder (St. Tr. 238). Simon's submitted report did not conclude that Cole experienced toxic delirium (St. Tr. 280). From this testimony it appears that there was evidence from which a rational trier of fact could have found guilt beyond a reasonable doubt.

Evidentiary Rulings
At trial, the prosecutor elicited evidence that both officers were married and had children (St. Tr. 13-14, 32). In addition, a color photograph of Cole's foyer, where the shooting occurred, was admitted into evidence over defense counsel's objection. The photograph shows blood, broken glass, a cigarette, a pen, and a night stick. See State Exhibit 21.
The admissibility of evidence is cognizable in a federal habeas corpus proceeding only where trial errors infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process. Davis, 608 F.2d at 319; Nelson v. Hutto, 597 F.2d 137, 138 (8th Cir. 1979). Neither the testimony concerning the police officers' family status nor the photograph of the crime scene was material to the issue at Cole's trial: i. e., his capacity to commit the offenses charged. However, none of this evidence infringed upon a specific constitutional right or was so prejudicial as to amount to a denial of due process. In fact, the defense counsel referred to the victims' families in his closing argument (St. Tr. 484). The photograph is not so inflammatory that petitioner was denied a fair trial. Thus, the admission of this evidence cannot be a basis for habeas relief.

Jury Instructions
At trial, the court instructed the jury:
[T]hat if you find and believe from the evidence that the defendant was intoxicated by drugs or alcohol at the time, such intoxication is in law no excuse for or defense to such offense as you find to have been committed. Voluntary intoxication is never a defense to a criminal charge. The fact of such intoxication, if you find it to be a fact, is only to be considered by the jury in connection with all other facts, in determining the guilt or *72 innocence of the defendant, and the degree of guilt, if you find he is guilty. (St. Tr. 420-21.)
The trial court refused to give the following instructions offered by defense counsel:
[T]hat if you find that at the time of the offense charged against the defendant he had a mental disease or defect sufficient to deprive him of the ability to act unlawfully, wilfully, knowingly, deliberately and with premeditation, then you may not find him guilty of first degree murder. (St. Tr. 427-28.) and
If you find and believe that at the time of the offense charged against the defendant, he had a mental disease or defect sufficient to deprive him of the ability to act wilfully, feloniously, premeditatedly or with malice, then you may not find him guilty of either first or second degree murder. (St. Tr. 428.)
Improper jury instructions are not a basis for habeas corpus relief unless the instructions or refusal to give instructions is so fundamentally unfair that it amounts to a denial of due process. Davis, 608 F.2d at 319; Cooper v. Campbell, 597 F.2d 628, 631 (8th Cir.), cert. denied, 444 U.S. 852, 100 S.Ct. 106, 62 L.Ed.2d 69 (1979). Under Missouri law at the time of Cole's trial, it was proper to instruct the jury that voluntary intoxication was not a defense if evidence was presented that the accused had been drinking and was intoxicated at the time of the commission of the offense. State v. Street, 498 S.W.2d 523, 524 (Mo. 1973). In addition, the jury was properly instructed that it could convict Cole of a lesser included offense (St. Tr. 414-16, 417-19). The instructions given were sufficient to satisfy due process and, accordingly, habeas corpus is not available on this basis.

Prosecutor's Argument
In his closing argument, the prosecutor stated:
First of all, this talk about Fulton, I mean, that whole argument doesn't make sense. There is nothing wrong with this man as he sits here today. You know that, the psychiatrist told you that. If he was sent to Fulton, how long do you think he'd(St. Tr. 486).
Later in closing, the prosecutor argued:
Think for a minute what a verdict of manslaughter would mean in a case like that to people. They would say "Look at this. There isn't anything worse than that. This man is getting off with manslaughter." It isn't easy to deter that kind of crime. (St. Tr. 490)
Improper prosecutorial argument is not a basis for federal habeas corpus unless it is so inflammatory, prejudicial or unfair that it amounts to a denial of due process. Houston v. Estelle, 569 F.2d 372, 383 (5th Cir. 1978); see Garza v. Wolff, 528 F.2d 208, 210 (8th Cir. 1975). The allegedly improper remarks must be evaluated in the context of the entire trial. Houston at 377. Under Missouri law, the prosecutor's "manslaughter" argument is permissible as a plea for law enforcement and a severe penalty to deter others. State v. Rasberry, 452 S.W.2d 169, 172-73 (Mo.1970). This argument did not deny Cole due process. The prosecutor's argument regarding "Fulton" strongly suggests that if Cole were civilly committed, he would not remain institutionalized for any substantial period of time. Even in its interrupted state, its message is clear. Nonetheless, this argument did not deny petitioner due process. The trial court properly instructed the jury that if the greater weight of the credible evidence showed that the defendant had a mental disease or defect and that as a result he did not appreciate the nature, quality, or wrongfulness of his conduct, he must be found not guilty by reason of mental disease or defect. (Instruction Nos. 11 and 12; St. Tr. 419-420). The judge further instructed the jury that if Cole were found not guilty by reason of mental disease or defect, the court would order Cole committed for treatment in a state mental hospital, and that Cole could be released from commitment only if and when it was determined that he did not then have and was not likely to have a mental disease or defect rendering him dangerous to himself or others *73 (Instruction Nos. 14 and 15; St. Tr. 372). Further, the trial judge defined the phrase "mental disease or defect" (Instruction No. 16, St. Tr. 423-24). These instructions cured any error resulting from the prosecutor's closing argument. Thus habeas corpus relief cannot be granted on this basis.
Since Cole has not presented any constitutional error warranting habeas corpus relief, his petition will be denied.