**Gerald D. BIBY, Plaintiff,**

**v.**

**Winston SATRAN, Warden, North Dakota State Penitentiary, Defendant.**

**Civ. No. A1–85–276.**

United States District Court, D. North Dakota, Southwestern Division.

Oct. 22, 1985.

## MEMORANDUM AND ORDER

VAN SICKLE, Senior District Judge.

Gerald D. Biby was convicted in state court of two counts of theft by deception. Biby petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and moves to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Biby's application is sufficient to permit him to file the petition for writ of habeas corpus in forma pauperis.

Biby was the managing partner in a real estate development partnership. Several months after the property had been foreclosed upon and sold at a sheriff's sale, Biby sent letters to two of the partners asking for their share of the annual installment on the property. *State v. Biby*, 366 N.W.2d 460, 461–62 (N.D.1985). Unaware of the foreclosure and sheriff's sale, the two partners sent Biby their payments. *Id.* at 462. Biby was charged with two counts of theft of property with respect to the receipt of these payments. *Id.* Biby's defense was that, with the two partners' consent, he used the money to pay partnership expenses. *Id.* Biby was convicted on both counts.

In his petition, Biby alleges five grounds for relief: 1) the criminal complaint and summons were issued without probable cause and the charges should've been dismissed; 2) the trial court erred in refusing to permit a witness called by the defense to testify; 3) the trial court violated the due process, equal protection, and assistance of counsel provisions of the Constitution by refusing to give two requested jury instructions on the nature of partnerships and liabilities of partners; 4) the trial court violated the due process, equal protection, and assistance of counsel provisions of the Constitution by refusing to give a jury instruction on actual or constructive notice of foreclosure; and 5) the trial court erred in refusing to permit the use of demonstrative evidence.

Rule 4 of the rules governing section 2254 cases states that a court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the

Gerald D. Biby, pro se.

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. Foll. § 2254 (1976). An examination of the petition indicates that it presents two issues concerning petitioner's entitlement to relief in this court: first, whether petitioner has exhausted available state remedies; and second, whether the petition raises claims cognizable in federal habeas corpus proceedings.

## I. EXHAUSTION OF STATE REMEDIES

■■■ The first inquiry is whether petitioner has exhausted state remedies as to the claims raised. A section 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court. 28 U.S.C. § 2254(b) and (c); *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981); *White v. Wyrick,* 651 F.2d 597, 598 (8th Cir.), *cert. denied,* 454 U.S. 1058, 102 S.Ct. 608, 70 L.Ed. 596 (1981). The exhaustion requirement is satisfied when a federal habeas petitioner either has fairly presented the substance of his federal claims to the state courts or has no other presently available state remedies to pursue. *Graham v. Solem,* 728 F.2d 1533, 1535 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984). The exhaustion requirement restrains the federal courts from upsetting a state court conviction without first giving the state courts the opportunity to correct a constitutional violation. *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). The purpose of the exhaustion requirement is to "protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Id.* In order to determine whether petitioner has exhausted state remedies the court must first ascertain whether petitioner presented on direct appeal to the North Dakota Supreme Court the substance of the claims he raises in this habeas corpus petition.

Petitioner previously filed a petition for writ of habeas corpus with this court. In the first petition, Biby raised the same claims as he now raises, as well as a *Miranda* claim. This court dismissed the first petition for failure to exhaust state remedies because Biby had not raised a *Miranda* claim on appeal before the North Dakota Supreme Court. *Biby v. State of North Dakota,* No. A1–85–160 (D.N.D. June 17, 1985) (order granting permission to proceed in forma pauperis and dismissing habeas corpus petition). With respect to the petition's other claims, this court stated that petitioner raised the "identical issues already submitted to the North Dakota Supreme Court on direct appeal." *Id.* Upon further research and more careful consideration of the issues presented to the state supreme court, however, the court concludes that petitioner did not present the constitutional issues to the state court.[1]

On direct appeal to the North Dakota Supreme Court, petitioner raised the same claims he presents in this habeas petition but did not frame most of the claims as violations of his constitutional rights. *See* Brief for Appellant, *State v. Biby,* 366 N.W.2d 460 (N.D.1985). In his appeal to the state supreme court petitioner directly raised a constitutional claim only as to the issuance of the criminal complaint (the first claim in the present petition). As to the four other claims raised in this petition, however, Biby did not argue to the state court that these alleged errors amounted to constitutional violations.

■■■ The exhaustion requirement is not satisfied merely because all the facts necessary to support the federal claim were before the state courts. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Snethen v. Nix,* 736 F.2d 1241, 1244 (8th Cir.1984). The exhaustion requirement is satisfied only when the habeas petitioner " 'fairly presented' to the state courts the 'substance' of his federal corpus claim," *Anderson,* 459 U.S. at

---

**1.** The North Dakota Supreme Court's record has not been submitted as a part of the record in this action but this court has examined the briefs submitted to the supreme court on direct appeal of petitioner's conviction.

6, 103 S.Ct. at 277, and provided the state courts with a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," *id.*

The Eighth Circuit Court of Appeals has held that the "fair presentation" and "fair opportunity" tests are met if the petitioner cited the federal Constitution, a federal case, or referred to a specific constitutional right. *Purnell v. Missouri Department of Corrections,* 753 F.2d 703, 706 (8th Cir. 1985). The Eighth Circuit has also indicated that the tests may be met without specific constitutional references if the underlying facts necessarily implicate a specific right protected by the Constitution or the argument is well within the mainstream of constitutional litigation. *Diamond v. Wyrick,* 757 F.2d 192, 193 (8th Cir.1985).

A review of the brief submitted by petitioner to the North Dakota Supreme Court and the cases cited therein reveals that the petitioner did not cite to the federal Constitution, federal cases, or refer to specific constitutional rights with respect to the four claims concerning evidentiary rulings and jury instructions. *See* Brief for Appellant, *State v. Biby,* 366 N.W.2d 460 (N.D.1985). Also, the cases cited in petitioner's brief did not address federal constitutional issues relating to petitioner's claims. *See id.* and cases cited therein. Furthermore, the factual allegations presented to the state court were insufficient to put the court on notice of claimed constitutional violations. *See Purnell,* 753 F.2d at 708 (allegations that the trial court erroneously applied evidentiary principles to admit objectionable hearsay and reject expert testimony are not within the mainstream of constitutional litigation and did not call to mind specific constitutional rights); *Davis v. Campbell,* 608 F.2d 317, 319 (8th Cir.1979) (admissibility of evidence and improper jury instructions generally do not involve federal constitutional issues). Although petitioner's brief to the North Dakota Supreme Court contained a few vague references to "fair trial" principles, *see* Brief for Appellant, *supra,* these references standing alone, without citation to a provision of the federal Constitution or to

federal cases, were not a sufficient presentation of a federal constitutional issue. *See Thomas v. Wyrick,* 622 F.2d 411, 413 (8th Cir.1980), *cert. denied,* 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983) (reference to denial of a fair trial, without citation to any provision of the Federal Constitution or to any federal case, was not a sufficient presentation of the federal constitutional issue). Petitioner did not, therefore, fairly present to the state court the substance of four of the five habeas corpus claims.

Finally, a post-conviction remedy is available to petitioner whereby he can collaterally attack his conviction based upon alleged federal constitutional violations. · *See* N.D.Cent.Code § 29–32–01 (1974). Therefore, petitioner has not exhausted available state remedies with respect to four of the five claims raised in his habeas corpus petition.

If a petition contains both exhausted and unexhausted claims, the district court must dismiss the habeas corpus petition. *Rose,* 455 U.S. at 522, 102 S.Ct. at 1205; *Snethen,* 736 F.2d at 1244. Biby's petition for a writ of habeas corpus is dismissed for failure to exhaust state remedies.

## II. CLAIMS

A federal court has jurisdiction pursuant to section 2254 only as to complaints relating to federal constitutional rights. 28 U.S.C. § 2254(a) (1976); *Graham v. Solem,* 728 F.2d 1533, 1535 n. 3 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984) (only errors of constitutional significance are cognizable in a federal habeas proceeding to review a state conviction). The second inquiry, then, is whether the claims raised by petitioner present federal constitutional issues.

Petitioner's first claim, that the criminal charges should have been dismissed because the complaint and summons were issued without probable cause, does not present a cognizable federal claim. It is a well-established rule that a conviction will not be vitiated because the defendant was unlawfully brought before the court. *See United States v. Crews,* 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63

L.Ed.2d 537 (1980) (an illegal arrest, without more, is neither a bar to subsequent prosecution nor a defense to a valid conviction); *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865–66, 43 L.Ed.2d 54 (1975) (it is an established rule that illegal arrest does not void a subsequent conviction); *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511–12, 96 L.Ed. 541 (1952) ("[t]here is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will"). Petitioner's first claim does not present a genuine constitutional issue and is without merit.

■ Petitioner's second claim is that by not permitting a witness to testify the trial court deprived him of effective assistance of counsel and the right to confront witnesses. Generally, a claim that a trial court erred in excluding testimony offered is not cognizable in a federal habeas corpus proceeding. *Davis v. Campbell*, 608 F.2d 317, 319 (8th Cir.1979). The admissibility of evidence presents a justiciable federal issue "only where trial errors infringe upon a specific constitution protection or are so prejudicial as to amount to a denial of due process." *Id.*

■ The right to counsel guaranteed by the sixth amendment involves two entitlements: first, the accused has a right to be represented by counsel in the criminal proceedings; and second, the accused has a right to the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 2043, 2044, 80 L.Ed.2d 657 (1984). The habeas petition neither alleges nor do the facts indicate that Biby was denied legal representation at any stage of the criminal proceedings or that his counsel's performance was deficient and prejudiced petitioner. Therefore, petitioner's claim that he was deprived of effective assistance of counsel because a witness was not allowed to testify fails to state a cognizable federal claim.

■ In addition to the right to assistance of counsel, the sixth amendment also provides the accused with the right "to be confronted with the witnesses against him." U.S.Const.Amend. VI. The purpose of the confrontation clause is to ensure that the accused has an adequate opportunity to cross-examine the witnesses against him. *Douglas v. State of Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965); *Pointer v. State of Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965). Petitioner has not alleged facts that indicate he was denied the opportunity to cross-examine any of the prosecution witnesses. Thus, petitioner has not presented a claim cognizable under the confrontation clause.

■ Pro se pleadings are to be liberally construed, *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976), but even if the court construes the second claim as alleging a due process violation, it still fails to present a cognizable federal claim. In order to establish a denial of due process petitioner must show that the asserted error was so "gross" or "conspicuously prejudicial" that it "fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). Whether or not the trial court was correct in refusing to admit the witness' testimony, that refusal did not deprive petitioner of a fair trial. The testimony of the witness was offered to impeach one of the partners, who testified for the prosecution, and to clarify what entity or individual was in fact the partner. Petitioner had the opportunity to accomplish these objectives through cross-examination of the partner. Therefore, the court's refusal to grant him another avenue for presenting this evidence was not so egregious or fundamentally unfair that it amounts to a denial of due process. Petitioner's second claim, even if liberally construed, fails to present a justiciable federal issue.

■ The fifth claim is similar to the second claim asserted by petitioner: he alleges that the court's refusal to admit demonstrative evidence in the form in which it was offered deprived him of the effective assistance of counsel. Because this allega-

tion does not present facts which would constitute a valid assistance of counsel claim, *see supra* p. 1568, it is not cognizable in a federal habeas proceeding. Furthermore, even if construed liberally, the claim does not present a valid due process claim. If the court erred in admitting the exhibit in a piecemeal fashion, this error was not so egregious and fundamentally unfair that it rises to the level of a due process violation. Petitioner's claim concerning the admissibility of demonstrative evidence is not justiciable in a federal habeas corpus proceeding.

■ In his third and fourth claims, petitioner alleges that the trial court erred in failing to give jury instructions on the nature of partnerships, liabilities of partners, and actual or constructive notice of foreclosure. Petitioner alleges that the trial court thereby violated the due process, equal protection, and assistance of counsel clauses of the Constitution. "A state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceeding." *Tyler v. Wyrick*, 635 F.2d 752, 753 (8th Cir.1980), *cert. denied*, 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981); *Davis v. Campbell*, 608 F.2d 317, 319 (8th Cir.1979). The refusal to give instructions provides a basis for federal habeas corpus relief only when the refusal was so fundamentally unfair and infected the entire trial that the defendant was deprived of his right to a fair trial guaranteed by the due process clause. *Tyler*, 635 F.2d at 753.

■ Petitioner apparently requested the nature of partnership and liabilities of partners instructions in support of his defense that, with the partners' consent, he used the money to pay partnership expenses incurred in marketing the property. This court agrees with the assessment of the state courts that the proposed instruction was inapplicable to the case. Whether the partners gave petitioner the money to pay for partnership expenses and whether he used the money for that purpose was relevant but whether the partners were legally liable for partnership expenses was not relevant to petitioner's defense. The failure of the trial court to instruct the jury

on the nature of partnerships and the liability of partners, therefore, was not so fundamentally unfair and egregious as to constitute a due process violation.

■ Similarly, the trial court's failure to instruct the jury on actual or constructive notice of foreclosure does not violate the due process clause. Petitioner apparently offered the notice of foreclosure instruction to bolster a claim that the doctors were not defrauded because they should have known of the foreclosure. Under North Dakota law, however, a claim that the defrauded party should have known of or easily could have discovered the falsity of the representation is not a defense to a charge of theft by deception. *State v. Hastings*, 77 N.D. 146, 153, 41 N.W.2d 305, 309 (1950) (the fact that investigation and the exercise of ordinary prudence would have disclosed the falsity of the pretenses is not important; what is important is whether the false pretenses in fact deceived the person defrauded); *State v. Stewart*, 9 N.D. 409, 414–16, 83 N.W. 869, 870–71 (1900) (it is no defense to the crime that the victim was negligent or lacked prudence in failing to discover the falsehood). The notice of foreclosure instruction, then, did not relate to a valid defense and was correctly denied. The court concludes that the failure of the trial court to give the requested jury instructions did not violate the due process clause.

Petitioner has also alleged that the failure to give the requested jury instructions constitutes a violation of the equal protection and assistance of counsel clause of the Constitution. The equal protection clause guarantees that all persons who are similarly situated will be treated alike, absent a justification for treating them differently. *Brown v. Jensen*, 572 F.Supp. 193, 199 (D.Colo.1983). Petitioner's claims do not present facts that would support an equal protection claim. Plaintiff has also failed to present an effective assistance of counsel claim, *see supra*, p. 1568. The court concludes that the claimed errors of the trial court relating to jury instructions do not have federal constitutional dimensions and are not cognizable in a federal habeas corpus proceeding.

In summary, the court concludes that Biby's petition should be dismissed because the claims presented in the petition are without merit from the standpoint of stating federal constitutional grounds. The court also concludes that the petition should be dismissed for failure to exhaust state remedies.

Although the court could merely dismiss the petition for failure to exhaust state remedies, the court is also dismissing the petition on the alternative ground of failure to present valid federal constitutional claims. The court is dismissing the petition on both grounds because the purposes of the exhaustion requirement will not be furthered by referring to the state courts claims that are without merit. *See Purnell v. Missouri Department of Corrections,* 753 F.2d 703, 711 (8th Cir.1985) (Bright, J., concurring in part and dissenting in part); *Veneri v. State of Missouri,* 734 F.2d 391, 393 (8th Cir.1984).

IT IS ORDERED:

Petitioner's motion to proceed in forma pauperis is granted. The clerk shall file the action without prepayment of fees and costs.

The above-entitled action is dismissed with prejudice.