**Ronald Vernon SCHNEIDER, Plaintiff–Appellant,**

v.

**Robert A. ERICKSON, Warden, Defendant–Appellee.**

No. 92–3174.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided Oct. 15, 1993.

See also, 402 N.W.2d 779.

Virginia G. Villa, Asst. Federal Public Defender, Minneapolis, MN, argued, for plaintiff-appellant.

J. Michael Richardson, Asst. County Atty., Minneapolis, MN, argued, for defendant-appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Ronald Schneider appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] We affirm.

A jury found Schneider guilty of first degree murder, burglary, and kidnapping. During his separate sanity trial, the jury determined Schneider was legally responsible for his actions, and he was sentenced to life imprisonment plus two consecutive thirty-six month sentences. Schneider appealed his conviction, and the Minnesota Supreme Court affirmed.

■■■ Schneider claims that he was deprived a fair trial because, during his sanity trial, the prosecution commented on and submitted evidence regarding the fact that Schneider had originally retained the two psychiatrists who were called as witnesses for the prosecution. Specifically, Schneider argues that because he was compelled to produce the psychiatrists' names, Minnesota Rules of Criminal Procedure 20.03 subd. 1 and 2; *State v. Dodis,* 314 N.W.2d 233, 240 (Minn.1982), evidence relating to the fact that Schneider originally hired these witnesses violated his due process rights. Schneider compares his case to *Brecht v. Abrahamson,* — U.S. —, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (discussing the prosecution commenting on a defendant's post-*Miranda* silence); however, *Brecht* is inapposite here. The rule forbidding the prosecution from commenting on the accused's silence rests on the fundamental unfairness and deprivation of due process in assuring a suspect that his silence will not be used against him and then using his silence to impeach him. *Doyle v.*

1. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, presiding.

*Ohio,* 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976).

 The admissibility of evidence is "usually a matter of state law which does not involve federal constitutional issues and thus is not within the scope of habeas corpus relief." *Nelson v. Hutto,* 597 F.2d 137, 138 (8th Cir.1979). Whether the trial court committed an evidentiary error is a question of state law, and the state courts have already reviewed this case for such an error. *State v. Schneider,* 402 N.W.2d 779, 788 (Minn. 1987). Although a sufficiently egregious evidentiary error may rise to the level of a constitutional violation, *Atwell v. State of Arkansas,* 426 F.2d 912, 915 (8th Cir.1970), Schneider has failed to demonstrate any fundamental unfairness or deprivation of due process. Because Schneider has failed to demonstrate a basis upon which habeas corpus relief may be granted, we affirm the district court.