**John Bentley YANCEY, Appellant,**

v.

**Vernon HOUSEWRIGHT, Director, Arkansas Department of Correction, Appellee.**

No. 81–1253.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1981.

Decided Nov. 19, 1981.

---

Darrell F. Brown, Mays, Crutcher & Brown, P.A., Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Arnold M. Jochums, Asst. Atty. Gen., Little Rock, Ark., for appellee.

John Bentley Yancey, pro se.

Before HEANEY and McMILLIAN, Circuit Judges, and REGAN,* Senior District Judge.

* John K. Regan, Senior District Judge, Eastern District of Missouri, sitting by designation.

REGAN, Senior District Judge.

This appeal by John Bentley Yancey is from the order of the district court[1] denying his application for habeas corpus relief under 28 U.S.C. Section 2254. We affirm.

Petitioner was convicted upon trial to a jury of murder in the second degree and sentenced to a term of twenty years imprisonment. His conviction was affirmed by the Arkansas Supreme Court in an unpublished opinion, and thereafter petitioner's motion for leave to seek post-conviction relief was denied.

Three grounds for habeas relief are urged by petitioner. Briefly summarized these are: (1) ineffective representation by his retained counsel, (2) prosecutorial misconduct, and (3) insufficiency of the evidence. An evidentiary hearing was held before a magistrate whose findings of fact and conclusions of law were approved and adopted by the district court after an independent review of the record.

In support of his claim of ineffective representation, petitioner contends that his lawyer should have but (a) failed to investigate and prepare for trial, (b) failed to call a witness, George Burgess, (c) failed to advise the trial court that the prosecutor talked with a juror during recess, (d) failed to object to allegedly inflammatory arguments by the prosecutor, and (e) failed to move for a mistrial. In our judgment, the evidence amply supports the district court's findings that petitioner's representation was adequate under federal constitutional standards (*Drake v. Wyrick*, 640 F.2d 912, 914 [8th Cir. 1981]), and that no prejudice resulted from any of the claimed defective assistance of counsel.

Counsel, an attorney with more than thirty years experience in the trial of criminal cases, including five years as a state public defender, promptly obtained a complete copy of the prosecution's file, following which he discussed the case with the investigating officers (to make certain that he had received copies of all the police reports)

1. The Honorable Henry Woods, Judge of the United States District Court for the Eastern District of Arkansas.

and interviewed the ballistics expert. Counsel testified (and petitioner denied) that he went over the prosecutor's file with petitioner and had him read the statements which the police had obtained from the witnesses. Two of these witnesses, George Burgess and Major Combs [2] had given statements very damaging to petitioner. Counsel attempted unsuccessfully to locate these witnesses. He further testified that petitioner did not furnish the names of any other witnesses [3] and was not cooperative. His attempts to locate Burgess and Combs were unsuccessful. Part of the problem was the fact that petitioner left for Kansas City once he made bond and failed to respond to counsel's letters or to comply with counsel's request that he return several days prior to the trial date. In fact, petitioner did not arrive at the courthouse until five minutes before the trial was to commence.

The defense was alibi, petitioner testifying that although he had been at the murder scene earlier in the day with both Burgess and Combs in petitioner's automobile, he had taken both of them to their respective destinations and then returned to his home where he remained all evening. Admittedly, he had no witnesses to corroborate his alibi defense, unless of course either Burgess or Combs were to retract their statements. Combs did not. As for Burgess, who was not called as a witness, petitioner denied that he had seen or read Burgess' statement, but conceded that he had been told by the police that Burgess had directly incriminated him, that is, that Burgess had stated that deceased had been shot by petitioner.

We do not believe counsel should be faulted for his failure to subpoena Burgess even if we assume, without proof, that the witness had been physically available. The gun from which the fatal shot was fired was Burgess', so that neither counsel nor petitioner could have reasonably believed that Burgess would retract the statement he had given the police and exonerate petitioner by supporting his alibi. In view of petitioner's testimony that he had parked his automobile in front of his home (some four miles from the murder scene) and that it was still parked there at the time of the shooting, Burgess could not, consistently with petitioner's alibi, have explained his presence with the gun in what was identified by several witnesses as plaintiff's automobile.

We add that it was not until the habeas petition was filed that petitioner first contended that his counsel should have subpoenaed Burgess even though his testimony would have been unfavorable to petitioner and strengthened the prosecutor's case. Previously, when petitioner sought to file a post-conviction motion under Arkansas' Criminal Procedure Rule 37, his position was that the *prosecution* should have called Burgess as a witness, and that its failure to do so deprived petitioner of his constitutional right to face his accuser.

Petitioner further contends that his attorney should have called the trial court's attention to an alleged very brief conversation between one of the jurors and the prosecuting attorney during a recess. The attorney testified that petitioner had not informed him of such an incident and that he was not aware of it. The prosecutor specifically denied that any such conversation had occurred. Only petitioner testified in support of this allegation, and even he conceded that he did not know what was said. The magistrate's finding, adopted by the district court, crediting counsel's denial, is not clearly erroneous.

Petitioner's final complaints respecting the quality of his representation are that counsel failed to object to "inflammatory"

---

**2.** Combs testified at the trial for the prosecution that petitioner had earlier quarreled with the deceased, that he (Combs) was present in petitioner's automobile on the occasion in question, and that he saw petitioner obtain Burgess' gun, get out of the car, fire the gun and admit that he had shot the deceased.

**3.** At the habeas hearing petitioner expressly testified that he had no witnesses and that his counsel was aware of that.

argument of the prosecution and failed to move for a mistrial when the jury reported it was "hopelessly" deadlocked after deliberating less than two hours. The closing arguments were not transcribed. In this situation, petitioner originally alleged that the prosecutor had argued, without objection, that "If (petitioner) wasn't guilty he wouldn't be sitting here." However, after listening to a tape of the argument, petitioner's habeas counsel conceded that this alleged statement had not in fact been made, but that the actual argument was a brief reference to the fact that petitioner had not called any witnesses to support his own alibi testimony.

We have not been furnished with a transcript of the exact language employed. However, for purpose of our ruling we assume that the following statement quoted by petitioner's habeas counsel during his examination of the prosecutor is what was actually argued: "Defendant said he was not there at the time the shooting took place. If he had witnesses, and evidently he doesn't, because he admitted that no one was around with him, more than likely they would be here today to say he was with them."

Wholly aside from the fact that we do not know the context in which the statement was made (an important consideration), the argument was neither improper nor prejudicial. The prosecutor merely stated the obvious. He did not argue that petitioner had failed to call available alibi witnesses (and even that would not have been improper, cf. *U.S. v. Passaro*, 624 F.2d 938, 944, cert. den. 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 842, 9th Cir. 1980, certainly not in a constitutional context when the defendant has testified). To the contrary, he simply noted that in fact no such witnesses were in existence. No adverse inference against petitioner was drawn from the absence of admittedly non-existent witnesses.

As for counsel's failure to move for a mistrial when the jury reported it was deadlocked after deliberating for an hour

and a half, we find no basis for interfering with the exercise of counsel's professional judgment. Not only was the hour not late (3:30 in the afternoon), but counsel could well have believed (as he testified) that further deliberating might have resulted in an acquittal.

The trial transcript shows that when the jury reported its deadlock, the trial judge commented: "You've only been deliberating a little over an hour and a half and its 3:30. So, I'm going to ask you to deliberate some more." A motion for mistrial would have been futile.

As an independent ground for habeas relief, petitioner urges that his constitutional right to due process was violated by reason of prosecutorial misconduct in arguing the absence of witnesses supportive of the alibi and in talking with a juror. As ruled supra, the prosecutor's argument was not improper, certainly not such as to render the trial fundamentally unfair.

█ As for the alleged conversation with a juror, our discussion supra should suffice, with the following addendum. According to petitioner the alleged conversation occurred within minutes after the jury had reported its deadlock. After ascertaining from the bailiff that the jury had not had a break of any kind the Court made the following comment. "Mr. Finley go with Captain Frederick.[4] And you all get you a drink of water and stretch a little bit. But *do not discuss the case with any one. Do not permit any one to discuss the case with you.* Just kind of stretch your legs a little bit and get a drink of water or a coke. There's a vending machine out there. Then return to the jury room and continue your deliberations. We've got some more time to spend if it's required."

Thus cautioned, the jury went to the canteen area, where petitioner testified that he saw the prosecutor talking for a few seconds to one of the jurors. As noted supra, the prosecutor denied that he had spoken to any juror, and his testimony was

4. These are bailiffs.

credited by the district court. We add that no mention of this alleged incident was made in petitioner's request for leave to file a post-conviction motion, and that the first time this allegation surfaced was in the petition for a writ of habeas corpus.

 Viewing the evidence in the light most favorable to the prosecution, we are convinced that there is substantial evidence upon which a rational trier of the fact could reasonably find petitioner guilty beyond a reasonable doubt, and thus meet the standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The sole controverted factual issues in this case were whether petitioner was present at the murder scene and fired the fatal shot. The state presented evidence by witness Combs which, if credited, showed that petitioner was in his own automobile at the place in question, along with Combs and Burgess, that the gun from which the fatal bullet was fired was on the front seat of the car; that petitioner either took or was handed the gun by Burgess; that petitioner left the automobile and approached the deceased with gun in hand; that the gun was fired and deceased fell to the ground; and that upon his return to the car immediately thereafter petitioner told Combs that he had shot the deceased. The presence of petitioner's automobile at the time of the murder was corroborated by other testimony.

The jury was not compelled to believe petitioner's testimony that he had parked his car in front of his home some two hours before the murder and that it remained there over night. By its verdict, the jury resolved the issue of credibility adverse to petitioner. The weight of the evidence as distinguished from its substantiality was for the jury.

Petitioner received a trial free from constitutional errors. The order denying habeas corpus relief is affirmed.