**Moses MOORE, Petitioner,**

v.

**Donald WYRICK, Respondent.**

**No. 82–0464–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

June 25, 1984.

Raymond C. Conrad, Jr., Federal Public Defender, Kansas City, Mo., for petitioner.

Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER

SCOTT O. WRIGHT, District Judge.

Petitioner Moses Moore, presently incarcerated and in the custody of the State of Missouri, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is seeking relief from his 1979 state court convictions for rape and sodomy which resulted in a sentence of 25 years imprisonment. The parties are in agreement that an evidentiary hearing is unnecessary, and the Court concludes that the matter may be resolved on the basis of the existing record. Petitioner has exhausted his state remedies in connection with all claims presented herein. *See State v. Moore,* 620 S.W.2d 370 (Mo.1981) (en banc). After a careful review of the record, the Court concludes that petitioner has "fairly presented" the substance of all of his federal claims to the state courts. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Hindman v. Wyrick,* 702 F.2d 148, 151 (8th Cir.1983); *Moore v. Wyrick,* 668 F.2d 1007, 1009 (8th Cir.1982).

Petitioner's petition for relief submits two claims. First, petitioner asserts that the prosecutor improperly suggested to the jury in closing argument that adverse inferences should be drawn from the absence of corroborative defense witnesses. Second, petitioner contends that the prosecutor's argument was improper in drawing an adverse inference from petitioner's failure to produce corroborative documentary evidence. Petitioner argues that these improprieties "struck at the heart of the fairness" of his trial and deprived him of his liberty without due process of law. In addition, petitioner contends that the prosecutor's comments violated his Sixth Amendment confrontation and cross-examination rights.

### I. *Background*

On February 5, 1979, petitioner had his first jury trial on charges of rape and sodomy in Jackson County, Missouri. His theory of defense was that the victim consented. Petitioner testified that ten or twelve people, including the victim, had attended a party at his house. Among the people petitioner named as having attended the party were petitioner's co-defendants, Darrell Smith and Charles Johnson, as well as Joseph Gregory, Bill Kidd, and Cynthia Smith. Mr. Kidd testified, as a defense witness, that he had attended a party at petitioner's house that night, but he had left early. Mr. Gregory was called as a prosecution witness, but he exercised his right against self-incrimination. No one else named by petitioner as having attended the party was called to testify. The first trial resulted in a mistrial because the jury was unable to reach a unanimous verdict.

At petitioner's second trial, none of the people named by petitioner as having attended the party was called to testify by either side. During closing argument, the prosecuting attorney drew attention to petitioner's failure to produce any witnesses concerning the party and argued that an adverse inference could be drawn from this lack of corroborating testimony. Repeated objections by petitioner's counsel were overruled by the trial court.

An additional element of petitioner's defense concerned his explanation for hiding in the attic of his home at the time of his arrest. Petitioner testified that he was at-

tempting to evade service of two outstanding municipal traffic warrants. To corroborate his testimony, petitioner offered a Kansas City Municipal Court envelope which contained his letter inquiring about outstanding warrants. Written on the letter were two ticket numbers and a notation that they had resulted in warrants. Initially, the prosecutor objected to the admission of these exhibits on hearsay and best evidence grounds. The trial court sustained the objection and allowed petitioner an opportunity to obtain municipal court records to prove the existence of the warrants.

At that point, the prosecutor withdrew his objection and both exhibits were admitted into evidence. Nevertheless, the prosecutor maintained throughout the trial that there were no outstanding traffic warrants for petitioner on the date of his arrest and adduced evidence to that effect. During closing argument, and over the objections of petitioner's counsel, the prosecutor drew attention to petitioner's failure to subpoena the municipal court records and invited the jury to infer that no such records existed.

At the close of the second trial, the jury found petitioner guilty of sodomy and rape. The sentence assessed by the jury and imposed by the court was 25 years on each count. The court directed the sentences to run concurrently. The judgment and sentence were affirmed by both the Missouri Court of Appeals for the Western District and the Missouri Supreme Court. *See State v. Moore,* 620 S.W.2d 370, 370 (Mo. 1981) (en banc).

## II. *Prosecutor's Comments on Petitioner's Failure to Call Corroborative Witnesses*

Petitioner first argues that his conviction was obtained in violation of his constitutional rights because the prosecutor's adverse inference arguments concerning petitioner's failure to call corrobative witnesses were so improper, effective, and pervasive that they rendered the trial fundamentally unfair. However, as petitioner concedes, "not every trial error ... constitutes a 'failure to observe that fundamental fairness essential to the very concept of justice.'" *Donnelly v. DeChristoforo,* 416

U.S. 637, 642, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974) (plurality opinion) (citation omitted). Accordingly, in a leading case concerning the habeas corpus standard of review of closing arguments, the court stated:

"We are well aware that we possess no supervisory powers over state trial proceedings and that our scope of review over allegedly prejudicial arguments by state prosecutors is narrow. Prosecutorial argument must be so egregious so as to render the entire trial fundamentally unfair.

*Cook v. Bordenkircher,* 602 F.2d 117, 119 (6th Cir.) (footnote and citations omitted), *cert. denied,* 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979).

In *Cook,* the court noted that while federal courts may freely police prosecutorial misconduct in federal criminal trials, their authority over state prosecutors in a habeas corpus context is much more limited. *Id.* at 119 n. 5. Here, in support of his position, petitioner exclusively relies on federal court decisions involving direct appeals from federal criminal trial. *See, e.g., United States v. Dailey,* 524 F.2d 911, 917 (8th Cir.1975). Petitioner asserts that the instant proceeding is similar to *Dailey* because in each case the prosecutor invited the jury to draw an adverse inference from the defendant's failure to call certain witnesses even though he knew that the testimony would not have actually hurt the defendant's position.

*Dailey* is not controlling in the present context. The Missouri Supreme Court, sitting en banc, expressly held that the adverse inference argument was permissible because, as a matter of state law, the persons whom petitioner failed to call were "peculiarly available" to petitioner. *State v. Moore,* 620 S.W.2d 370, 374 (Mo.1981) (en banc). In addition, Missouri law affords a trial court "considerable discretion" in controlling closing arguments. *See id.* at 373 (citations omitted). Thus, the central issue here is not whether the prosecutor's closing argument was improper as measured by the federal standard of direct review of final arguments. *See Donnelly v. DeChristoforo,* 416 U.S. at 647–48, 94 S.Ct. at

1873–74. Instead, the crucial issue is whether the prosecutor's comments were "so egregious as to render the trial fundamentally unfair." *Cook v. Bordenkircher,* 602 F.2d at 119.

■ Applying the habeas corpus standard of review to the instant case, the Court concludes that the prosecutor's closing argument did not render petitioner's trial fundamentally unfair. Two observations support this conclusion. First, it is far from clear that the prosecutor's reference to petitioner's failure to call alibi witnesses was improper at all. *See, e.g., Yancey v. Housewright,* 664 F.2d 187, 190 (8th Cir.1981); *Bergenthal v. Cady,* 466 F.2d 635, 637 (7th Cir.1972), *cert. denied,* 409 U.S. 1109, 93 S.Ct. 913, 34 L.Ed.2d 690 (1973); *see also United States v. Martin,* 696 F.2d 49, 52 (6th Cir.1983); *cert. denied,* 460 U.S. 1073, 103 S.Ct. 1532, 75 L.Ed.2d 953 (1983) (federal prosecutor's adverse inference argument held proper); *United States v. Passaro,* 624 F.2d 938, 944 (9th Cir.1980) (federal prosecutor's argument concerning failure to present alibi witnesses held proper), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 842 (1981); *United States v. Keller,* 512 F.2d 182, 186 (3d Cir.1975) (prosecutor's comments on defendant's failure to call "potentially helpful" witnesses held proper); *State v. Moore,* 620 S.W.2d at 374 (finding that favorable witnesses were "peculiarly available" to petitioner in the instant case).

■ Second, even if the prosecutor's comments were improper, this Court is convinced that they were not so egregious as to infect the trial with constitutional error. *See Soap v. Carter,* 632 F.2d 872, 876–77 (10th Cir.1980), *cert. denied,* 451 U.S. 939, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981); *United States ex rel. Gardner v. Meyer,* 519 F.Supp. 75, 80–81 (N.D.Ill.1981); *Cole v. Wyrick,* 505 F.Supp. 69, 72–73 (E.D.Mo. 1980); *cf. Miller v. North Carolina,* 583 F.2d 701, 707 (4th Cir.1978) (habeas corpus relief ordered where prosecutor's blatant racial argument was inherently prejudicial). The prosecutor's remarks must be viewed in light of the entire proceeding. *Donnelly v. DeChristoforo,* 416 U.S. at 642, 94 S.Ct. at 1871. Here, the prosecutor never made any direct reference to the failure of Mssrs. Gregory, Johnson, and Smith to testify. In addition, the prosecutor made only one reference to Billy Kidd's failure to testify. Moreover, as the trial court noted, there were other people allegedly at the party who could have verified petitioner's testimony. In light of these factors, the Court cannot conclude that petitioner's trial was fundamentally unfair.

■ Nor did the prosecutor's comments deprive petitioner of his Sixth Amendment confrontation and cross-examination rights. Aside from Judge Bardgett's dissenting opinion in *State v. Moore,* 620 S.W.2d at 378, petitioner cites no authority in support of this proposition and includes this argument in his brief as an apparent afterthought. Again, it is worth noting that the prosecutor made no direct reference to petitioner's failure to call the three men who arguably would have invoked their Fifth Amendment rights against self-incrimination. In addition, as the jury was instructed at trial, the prosecutor's closing argument was not evidence. Finally, petitioner was not denied the opportunity to cross-examine any of the witnesses who testified on behalf of the state. Under these circumstances, the Court fails to see how petitioner's Sixth Amendment rights were affected by the prosecutor's comments. *Cf. United States v. Scott,* 511 F.2d 15, 21 (8th Cir.1975), *cert. denied,* 421 U.S. 1002, 95 S.Ct. 2403, 44 L.Ed.2d 670 (1975); *Carlos v. Wyrick,* 589 F.Supp. 974 (W.D.Mo.1984). Moreover, assuming *arguendo* that petitioner's rights were violated, the Court finds that any error was harmless beyond a reasonable doubt, in view of the overwhelming evidence of petitioner's guilt. *See United States v. Scott,* 511 F.2d at 22; *see also Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). Accordingly, petitioner's first claim for relief is denied.

### III. *Prosecutor's Comments on Petitioner's Failure to Produce Documentary Evidence*

Petitioner's second claim is that his trial was fundamentally unfair because the

prosecutor was permitted to draw an adverse inference from petitioner's failure to offer municipal traffic warrants into evidence. Petitioner contends that the prosecutor's conduct was especially unfair in this case because the prosecutor initially objected to petitioner's attempt to introduce secondary evidence of the outstanding warrants, but later withdrew this objection. Petitioner asserts that this withdrawal operated as waiver of any argument against the weight of the proof offered by petitioner.

■ The Court finds petitioner's second claim to be without merit. Contrary to petitioner's position, the Missouri Supreme Court expressly found that the prosecutor's

"[w]ithdrawal of the objection was in no sense a stipulation as to any fact, but removed an obstacle to introduction of the exhibits for whatever value they had."

*State v. Moore*, 620 S.W.2d at 375. Throughout the trial, the state insisted that petitioner's explanation for his hiding in the attic at the time of his arrest was untrue. As part of its case, the state adduced evidence that no such warrants existed on the date of petitioner's arrest.

■ Under these circumstances, it was not error for the trial court to permit the prosecutor's closing argument. On this point, the Court finds itself in agreement with the state court's holding:

"The state's argument, of which [petitioner] complains, drew the jury's attention to a factual issue raised by the evidence and not to an inference that absent evidence was not produced by [petitioner] because unfavorable. While the prosecutor did argue that if there had been outstanding warrants for [petitioner] when he was arrested, they would appear on the municipal court records which could be introduced in evidence by [petitioner], the thrust of the argument was that no such record existed and that the state's evidence on the question was

accurate. The argument was an appropriate comment on the evidence."

*Id.* at 374. Moreover, even assuming that the prosecutor's comments were improper, the Court is convinced after reviewing the entire record in this matter that any impropriety was not "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d at 119; *see also Donnelly v. DeChristoforo*, 416 U.S. at 642, 94 S.Ct. at 1871. In sum, the Court finds that no constitutional error occurred at petitioner's trial.

Accordingly, it is hereby

ORDERED that the petition for a writ of habeas corpus is denied.