Moses MOORE, Appellant,

v.

Donald WYRICK, Appellee.

No. 84-1984.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1985.
Decided April 29, 1985.

Gregory K. Johnson, Springfield, Mo., for appellant.

Rosalynn Van Heest, Jefferson City, Mo., for appellee.

Before BRIGHT, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Moses Moore appeals from the district court's [1] denial of his petition for a writ of habeas corpus. For reversal, Moore asserts that the prosecutor violated his right to due process by improperly suggesting during closing arguments that the jury could draw an adverse inference from Moore's failure to call corroborative de-

1. The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

fense witnesses. We affirm the denial of the writ.

## I. BACKGROUND

Moses Moore, Charles Johnson, and Darrell Smith were each charged with raping and sodomizing a woman on April 4, 1978. A jury convicted Smith and he received a twenty-year sentence. A jury also convicted Johnson, but the Missouri Court of Appeals reversed his conviction. *State v. Johnson*, 595 S.W.2d 774 (Mo.Ct.App.1980). Johnson then pled guilty to one count of rape and one count of sodomy, and received a seven-year sentence.

Moore's first trial in February 1979, ended in a mistrial when the jury was unable to reach a unanimous verdict. At his second trial in March 1979, the jury convicted Moore, and he received a twenty-five year sentence.

During his second trial, Moore testified that the victim was one of ten or twelve guests who attended a party he held on the evening of April 4, 1978. Moore remembered the names of six of the other guests: Darrell Smith, Charles Johnson, Joseph Gregory, Billy Kidd, Cynthia Smith, and a neighbor named Faye. According to Moore, the victim drank, smoked marijuana, and danced during the evening. Moore admitted that he had intercourse with the victim, but claimed that she consented.

The victim testified that Moore approached her outside a lounge on the evening of April 4, 1978, and asked her for a ride to his home. When they arrived at Moore's house, the victim discovered she had a flat tire. She claimed that when she attempted to borrow cabfare, Johnson forced her into Moore's house where Johnson, Moore, and Smith repeatedly raped her.

At Moore's first trial, Billy Kidd appeared as a defense witness. Kidd corroborated Moore's testimony that a party took place at Moore's house on April 4, 1978. At Moore's second trial, however, neither Kidd nor any of the other guests named by Moore as having attended his party testified.

During closing arguments of Moore's second trial, the prosecutor made the following statements:

"We had a party." "It was a big party." But where are the guests?

Who came in here and verified the party?

MR. ROGERS: (Defense Counsel) Object to that, Your Honor. The defendant stated the names of those people. They're equally available to the State.

THE COURT: Overruled.

MR. STIGALL: (Prosecutor) He says these people are available to the State. These are the defendant's friends.

MR. ROGERS: (Defense Counsel) I'll object to that, Your Honor. The evidence is that Billy Kidd is related to the alleged victim.

THE COURT: This is argument; overruled.

MR. STIGALL: (Prosecutor) These are his friends. He lives with them, plays with them, has parties with them. Nobody came in here to verify that party, except this defendant.

\* \* \* \* \* \*

Why didn't they bring in somebody to tell us about this party, and what happened? Why didn't they bring in Billy, the kid?

MR. ROGERS: (Defense Counsel) I object to that, Your Honor. That witness is peculiarly available to the State, being a relative, by marriage, of the alleged victim.

THE COURT: Overruled.

MR. STIGALL: (Prosecutor) These are his friends. Why didn't he bring in anybody—

MR. ROGERS: (Defense Counsel) May we approach the bench?

MR. STIGALL: (Prosecutor) —to verify this party.

MR. ROGERS: (Defense Counsel) May we approach the bench?

(Counsel approached the bench and the following proceedings were out of the hearing of the jury:)

MR. ROGERS: (Defense Counsel) I object, Your Honor, and move that the jury be instructed to disregard that last comment of counsel for the State on the grounds that the individuals at the party, Charles Johnson, Darrell Smith, defendants in this crime, have a Fifth Amendment right not to testify. Counsel for the State is aware of that right, and further that Joseph Gregory, at the last trial, did advise the Court that he intended to exercise his Fifth Amendment right not to testify. Counsel for the State is therefore commenting upon the rights exercised by these persons of their Fifth Amendment rights, and I ask that the jury be instructed to disregard the comments of counsel.

THE COURT: Overruled, and I might also make this observation. There were other people there, that you've not mentioned now, that were friends of this particular defendant.

MR. ROGERS: (Defense Counsel) There is only one other, Your Honor, and the testimony is that she is currently in California.

THE COURT: There were others as well.

MR. ROGERS: (Defense Counsel) That he didn't even know.

THE COURT: Know then. Overruled. (The following proceedings were in the presence and hearing of the jury:)

MR. STIGALL: (Prosecutor) Where are these people and why didn't they come in here and tell you they were there?

*State v. Moore*, 620 S.W.2d 370, 371–72 (Mo.1981) (en banc).

On direct appeal, the Missouri Supreme Court affirmed Moore's conviction. *Id.* The court noted that the persons Moore failed to call were "peculiarly available" to him—that is, they were friends who could be expected to testify favorably for the defense. Moore's failure to call one or more of them as witnesses therefore gave rise to a permissible inference that their testimony would actually have been unfavorable to him. *Id.* at 374. The court held that, under Missouri law, the trial court did not abuse its discretion in permitting the prosecutor's adverse inference argument in the circumstances of this case. *Id.*

Thereafter, Moore filed the present petition for habeas relief, alleging that the prosecutor's improper remarks during closing argument deprived him of due process. The district court concluded that no error of constitutional dimension had occurred at Moore's trial, and denied the petition. *Moore v. Wyrick*, 589 F.Supp. 608 (W.D. Mo.1984). This appeal followed.

## II. DISCUSSION

 The scope of review by federal courts of habeas corpus petitions alleging violations of due process is narrow. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Batten v. Scurr*, 649 F.2d 564, 569 (8th Cir.1981). Moore must show that the prosecutor's remarks were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. at 642, 94 S.Ct. at 1871; *Ellis v. Black*, 732 F.2d 650, 657–58 (8th Cir.1984) (quoting *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976)); *Cook v. Bordenkircher*, 602 F.2d 117, 119 (6th Cir.), *cert. denied*, 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979). *See also United States v. Young*, ── U.S. ──, ──, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985) (prosecutor's improper comments must be viewed in context to determine whether they affected the fairness of the trial).

 Applying that narrow standard of review to the present case, we cannot say that the prosecutor's adverse inference argument deprived Moore of a fair trial.[2]

---

2. Under some circumstances, a prosecutor may invite a jury to draw an adverse inference from the failure to call available defense witnesses. *See, e.g., Yancey v. Housewright*, 664 F.2d 187, 190 (8th Cir.1981) (dictum) (prosecutor may comment on petitioner's failure to call available alibi witnesses); *cf. United States v. Schultz*, 698 F.2d 365, 367 (8th Cir.1983); *United States v.*

The trial judge had broad discretion to rule on the propriety of the closing argument. *See State v. Moore,* 620 S.W.2d at 373. Moreover, even if the prosecutor's comments were improper, the district court determined that "they were not so egregious as to infect the trial with constitutional error," especially in view of the overwhelming evidence of Moore's guilt. *Moore v. Wyrick,* 589 F.Supp. at 611. After reviewing the record, we agree that Moore has not established error of constitutional dimension justifying reversal of his conviction.

Accordingly, we affirm the district court's denial of Moore's petition for a writ of habeas corpus.

*Martin,* 696 F.2d 49, 52 (6th Cir.), *cert. denied,* 460 U.S. 1073, 103 S.Ct. 1532, 75 L.Ed.2d 953 (1983) (federal prosecutor's adverse inference argument held proper).