848

August K. BERGENTHAL, Petitioner,

v.

Elmer CADY, Warden, Respondent.

No. 71-C-33.

United States District Court,
E. D. Wisconsin.

May 6, 1971.

Gimbel, Gimbel & Boyle, by Gerald P. Boyle, Milwaukee, Wis., for petitioner.

Robert P. Warren, Atty. Gen. for Wisconsin, by Sverre O. Tinglum, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner seeks a writ of habeas corpus with respect to his two convictions in the state court on April 6, 1969. He was found guilty of murder and endangering safety by conduct regardless of life. The convictions were affirmed by the Wisconsin supreme court in State v. Bergenthal, 47 Wis.2d 668, 178 N.W. 2d 16 (1970).

A petition for writ of certiorari was filed on Mr. Bergenthal's behalf in the United States Supreme Court on November 30, 1970; the issue raised in that application deals with the unconstitutionality of § 957.27 Wis.Stats. The exhaustion doctrine does not require that Mr. Bergenthal have applied for certiorari to the United States Supreme Court before making the instant application for a writ of habeas corpus in this court. Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963). See also Hunter, Post Conviction Remedies, 50 F.R.D. 153, 168.

Mr. Bergenthal's present petition was filed in this court on January 25, 1971. In an order dated February 2, 1971, I directed the respondent to file a return. Thereafter, a briefing schedule was established, and the petitioner's brief was timely filed. The respondent's brief, however, was not filed on the date it was due, but, instead, it was filed three days late. Because there have been previous difficulties in this regard, I deemed it necessary to reject the tardy submission on the part of the respondent. It has been placed in the file but

has not been read or considered in connection with this order. I advised counsel for both sides that the respondent's brief was not going to be considered by the court; thus, no reply brief was submitted by the petitioner.

The ground rules applicable to habeas corpus applications in this court on the part of state prisoners are reasonably clear, but their application is often difficult. 28 U.S.C. § 2254(a) permits a federal habeas corpus application on the part of a state prisoner to be entertained only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Habeas corpus, however, is not available to correct non-jurisdictional errors which do not render the trial constitutionally unfair. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). In *Townsend,* at pages 311–312, 83 S.Ct. at page 756, the United States Supreme Court observed:

> "The whole history of the writ—its unique development—refutes a construction of the federal courts' habeas corpus powers that would assimilate their task to that of courts of appellate review. The function on habeas is different. It is to test by way of an original civil proceeding, independent of the normal channels of review of criminal judgments, the very gravest allegations. State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."

Thus, while the federal district court is not to act as a court of appellate review after state convictions, there is a duty to weigh the alleged violation of federal rights. The United States Supreme Court recently commented in Kaufman v. United States, 394 U.S. 217, 225, 89 S.Ct. 1068, 1073, 22 L.Ed.2d 227 (1969):

> " * * * federal habeas remedy extends to state prisoners alleging that unconstitutionally obtained evidence was admitted against them at trial. See, *e. g.,* Mancusi v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Warden Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); see also Henry v. Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 570, 13 L.Ed.2d 408 (1965)."

It has been held that when a state prisoner seeks federal habeas corpus, he is entitled to an evidentiary hearing when "the merits of the factual dispute were not resolved [at] the state hearing." *Townsend,* page 313, 83 S.Ct. at page 757. See also Zurita v. United States, 410 F.2d 477 (7th Cir. 1969). On the other hand, where there has been factfinding, on the record, by the state court, it is not mandatory that the district court conduct an independent evidentiary hearing on the issues raised by the petition. Van Ermen v. Burke, 398 F.2d 329 (7th Cir. 1968), cert. denied 393 U.S. 1004, 89 S.Ct. 494, 21 L.Ed.2d 468 (1968).

The petition now before the court lists 25 grounds in support of the application. Many of such grounds, however, are closely inter-related, and they are not advanced as independent bases for the relief sought. Ground (a) is a generalized statement that petitioner was not given a fair trial. Ground (b) urges that the jury should have been given an opportunity to find guilt in lesser degrees. The latter issue was amply considered and resolved adversely to the petitioner by the state supreme court. See State v. Bergenthal, 47 Wis.2d 668, 674, 178 N.W.2d 16 (1970).

A large number of the itemized grounds relate to alleged improprieties occurring in connection with the use of expert testimony. It is charged that these were errors committed in calling the independent psychiatrists to testify and also in regard to the definition of

"insanity." It is also alleged that § 957.27 Wis.Stats. is unconstitutional. These matters were fully considered by the Wisconsin supreme court at pages 682–688, 178 N.W.2d 16 of its opinion, and I find nothing in the moving papers to justify a re-examination of those issues. In my opinion, they raise no substantial issues of fact calling for an evidentiary hearing in this court.

■ Thus, for example, in ground (k), it is charged that "one of the alleged impartial experts, to-wit: Dr. Nemeth, was in fact an employee of the plaintiff, State of Wisconsin, at all times material hereto." Even if it were true, it would not be a controlling factor; was the trial judge partial because he too was an employee of the state? In my opinion, the allegation falls far short of meeting the Townsend standard that federal habeas corpus is designed to review the "gravest allegations" that "fundamental liberties" of the petitioner have been violated. No evidentiary hearing is needed because the fact, even if fully established, could not have tainted the conviction.

■ The petitioner also urges that his rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), were violated by reason of the fact that a Dr. Crowley, a psychiatrist engaged by the state, examined the defendant but was not called to testify. The prosecution advised the trial court that Dr. Crowley was not called to testify because he had not formulated an opinion as to Mr. Bergenthal's sanity. While it may be arguable that the court should have permitted the defense to explore the details as to Dr. Crowley's views, it cannot properly be said that this constituted a violation under Brady v. Maryland; the existence of the evidence (or perhaps, more accurately, the absence thereof) was disclosed by the prosecutor. At worst, there may have been a discretionary error by the trial judge, but it cannot be said that there was any "suppression by the prosecution of evidence favorable to an accused." See Brady, at p. 87, 83 S.Ct. at p. 1196.

The petitioner also charges that the prosecutor made inflammatory and prejudicial statements before the jury. I have examined those statements and agree with the state supreme court's conclusion that the arguments were within the "limits of the leeway given counsel." 47 Wis.2d at page 682, 178 N.W.2d at page 24.

■ Mr. Bergenthal also complains that he was not permitted to cross-examine an attorney who had been retained by members of the victim's family. The trial judge quashed a subpoena served upon such attorney, and the supreme court noted at pages 677–678, 178 N.W. 2d 16 of its opinion that the questioning of such counsel would have invaded the area of privileged communications. There is nothing in the instant petition which contradicts such finding. The petitioner has not submitted any basis whatsoever for this court's conducting a further inquiry into this claimed irregularity.

I find that Mr. Bergenthal has not submitted any basis for this court's believing that there has been an intrusion upon any of his federally protected rights. In addition, under the standards noted above, there are no pending legal or factual issues which require an evidentiary hearing in this court.

Now, therefore, It Is Ordered that the petition for habeas corpus be and hereby is denied.