**August K. BERGENTHAL, Petitioner-Appellant,**

v.

**Elmer CADY, Warden of Wisconsin State Prison, Waupun, Wisconsin, Respondent-Appellee.**

No. 71–1479.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1972.

Decided Aug. 16, 1972.

Certiorari Denied Jan. 8, 1973.

See 93 S.Ct. 913.

---

8. Ill.Rev.Stat.1971, ch. 122, § 34–19.

Alyce Neff Browne, Waukegan, Ill., for petitioner-appellant.

Robert W. Warren, Atty. Gen., Sverre O. Tinglum, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before DUFFY and MURRAH,* Senior Circuit Judges and JUERGENS,** District Judge.

MURRAH, Senior Circuit Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus in the district court. Bergenthal v. Cady, 326 F.Supp. 848 (E.D.Wis.1971). In a bifurcated Wisconsin state trial the jury first found petitioner guilty of first degree murder and a related offense and then rejected his defense of legal insanity at the time of the commission of the crimes. The Wisconsin Supreme Court affirmed the convictions. State v. Bergenthal, 47 Wis.2d 668, 178 N.W.2d 16 (1970), cert. denied, 402 U.S. 972, 91 S. Ct. 1657, 29 L.Ed.2d 136 (1971). Numerous grounds were raised in support

---

* Senior Circuit Judge Alfred P. Murrah of the Tenth Circuit is sitting by designation.

** Chief District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

of the petition for the writ, but the district court segregated and analyzed only the allegations involving issues of constitutional significance. Finding no basis for factual dispute concerning the asserted federally protected rights, the court denied the writ without an evidentiary hearing. We affirm.

On appeal petitioner contends that he was entitled to an evidentiary hearing on a number of interrelated issues, only two of which are worthy of note: (1) the suppression of favorable evidence in violation of Fourteenth Amendment due process rights under Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (2) prejudicial remarks to the jury by the state prosecutor amounting to a denial of due process.

The essential facts are not in dispute. At the trial on petitioner's sanity, nine witnesses—including three experts—called by the defense testified that petitioner was legally insane at the time of the commission of the crimes. Three experts appointed by the court testified that he was not legally insane. The prosecution apparently had petitioner examined by a psychiatrist, but did not offer his evidence. Petitioner's request for the opinion of the psychiatrist was denied and the trial court apparently refused to order the state to produce it. At a post-conviction hearing, however, the prosecution disclosed, for the first time, that its psychiatric expert had been unable to form an opinion regarding petitioner's sanity.

Undoubtedly it would have been good practice and in the interest of proper administration of criminal justice for the state to fully and freely inform the defense before trial of the result of the psychiatrist's examination, including any report made, and, failing to do so, for the state trial court to require the production of such result or report on request. *See* ABA Project on Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial §§ 1.2 and 2.1(a) (iv) and commentary at 67, 73–78 (Approved Draft, 1970).

■ *Brady* holds that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady, supra* at 104, 83 S.Ct. at 1197. We may assume that the withholding of the result of the examination and the refusal of the court to order disclosure upon request was at the peril of depriving petitioner of his *Brady* rights. In the circumstance of this case, however, we are unable to say that neutral or no opinion evidence on the critical issue of petitioner's sanity is favorable evidence within the meaning of the due process guarantees of *Brady* and related cases. *See generally* Giles v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); United States ex rel. Durso v. Pate, 426 F.2d 1083 (7th Cir. 1970), cert. denied, 400 U.S. 995, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971).

■ Conduct of state prosecutors asserted by federal habeas corpus petitioners to be unfair and prejudicial has consistently been held to fall short of constituting a denial of due process. *See, e. g.,* United States ex rel. Colon v. Follette, 366 F.2d 775 (2d Cir. 1966); United States ex rel. Castillo v. Fay, 350 F.2d 400 (2d Cir. 1965); Jackson v. People of California, 336 F.2d 521 (9th Cir. 1964); Lotz v. Sacks, 292 F.2d 657 (6th Cir. 1961); United States ex rel. Kirk v. Petrelli, 331 F.Supp. 792 (N.D. Ill.1971); United States ex rel. Chase v. Rundle, 266 F.Supp. 487 (M.D.Pa.1967). Here the district court examined the allegedly prejudicial remarks and agreed with the state Supreme Court's conclusion that the arguments were within the "limits of the leeway given counsel." We cannot say, over the judgment of the state Supreme Court and the federal trial court, that these statements were of such gravity as to constitutionally deprive petitioner of a fair trial. *See* Sampsell v. People of California, 191 F. 2d 721, 725 (9th Cir. 1951), cert. denied,

638

342 U.S. 929, 72 S.Ct. 369, 96 L.Ed. 692 (1952).

█ It thus becomes manifestly apparent that an evidentiary hearing was neither necessary nor warranted to determine the facts essential to the consideration of the constitutional issues presented, and that the court did not err in refusing to grant one. *See* Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963); Van Ermen v. Burke, 398 F.2d 329 (7th Cir. 1968).

█ On appeal petitioner complains, for the first time, that the district court should have ordered him to file a traverse to respondent's return. This procedural point was never presented to the district court and comes too late. But even if timely, we find it totally without merit. A traverse to respondent's return is a permissive pleading under 28 U.S.C. § 2243, and no court order is necessary. *See* Rule 81(a), Fed.R.Civ.P.

Affirmed.