Frederick S. SOLHEIM,
Petitioner–Appellant,

v.

Sandra B. ARMSTRONG, Western Regional Commissioner, United States Parole Commission; Robert Christensen, Respondents–Appellees.

No. 88–1509.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 1988.

Decided Oct. 14, 1988.

As Amended Dec. 29, 1988.

William J. Genego, University of Southern California Law Center, and Vicki I. Podberesky, Jones, Day, Reavis & Pogue, Los Angeles, Cal., for petitioner-appellant.

John F. Penrose, Asst. U.S. Atty., San Francisco, Cal., and Sharon Gervasoni, U.S. Parole Com'n, Chevy Chase, Md., for respondents-appellees.

Before CHAMBERS, BROWNING and HUG, Circuit Judges.

HUG, Circuit Judge:

Frederick S. Solheim appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review the district court's decision *de novo. Weygandt v. Ducharme,* 774 F.2d 1491, 1492 (9th Cir.1985). We affirm.

## FACTS

Solheim is currently serving a 10–year sentence for importation of marijuana and making a false statement. He applied for parole on October 7, 1985. A prehearing assessment was conducted by a Parole Commission hearing examiner who recommended that Solheim be paroled upon service of 40 months. Solheim concedes that under the applicable adult sentencing provisions, 18 U.S.C. § 4205(a), he is ineligible for parole before serving at least that amount of time. Since the hearing examiner recommended release at Solheim's minimum term eligibility date, the examiner also recommended that a parole hearing was unnecessary.

Under the Parole Commission's procedures, recommendations made by hearing examiners must be reviewed by the Administrative Hearing Examiner (now called the Regional Administrator) and then approved by the Regional Parole Commissioner ("Regional Commissioner"). The Administrative Hearing Examiner in this case, Mr. Blalock, concurred in the recommendation of the hearing examiner, suggesting parole at 40 months. His concurrence was noted on a form labeled "Referral to Regional Commissioner." An accompanying order was prepared for the Regional Commissioner to sign. The order reflects a parole date upon 40 months' imprisonment.

The Regional Commissioner, however, never signed the prepared order.[1] His disagreement with the recommendation of the

Administrative Hearing Examiner is evidenced on the accompanying "Referral to Regional Commissioner" form, on which he made the following handwritten comment:

Schedule for a parole hearing. Parole on the record not indicated in this case. We need to discuss with Solheim re: his plan to start paying his $100,000 fine. In view of the $1,000,000 found in his home, it is obvious that he is a long time drug dealer. Consideration should be given to CTE [continuance to expiration] unless he cooperates and comes up with the money to pay the fine. If he can pay an attorney the amount he is paying he should find the money to pay the fine. Note the 1975 marijuana smuggling conviction.

Though the Regional Commissioner never signed the prepared order reflecting the 40–month release date, and though he detailed the reasons for disapproving the 40–month release date on the accompanying "Referral to Regional Commissioner" form, a notice was erroneously sent to Solheim on February 28, 1986, informing him of a presumptive parole date upon service of 40 months. The Government maintains that the notice was sent out as a result of clerical error.

The error was later discovered and a new notice of action, dated April 2, 1986, was sent to Solheim. This notice stated that the previous notice of February 28, 1986 "is voided." The reasons given for voiding the initial notice were (1) "Clerical error" and (2) "The acting Regional Commissioner ordered an in-person hearing."

Solheim received an initial parole determination hearing on August 21, 1986, at which time the hearing panel recommended parole after 60 months. The Regional Commissioner adopted the recommendation of the hearing panel and signed an order setting parole at 60 months. A notice of action was issued on September 23 announcing a parole date of 60 months.

---

1. Solheim does not dispute this fact. Upon reviewing the prepared order, it is evident that it does, indeed, lack the signature of Benjamin Baer, the Acting Regional Commissioner at the time. Though the order contains signatures, the signatures are not those of the Acting Regional Commissioner, but rather, those of his subordinates.

Petitioner filed a writ of habeas corpus in federal district court, challenging the Parole Commissioner's actions on two grounds. First, he contended that the Parole Commission impermissibly "reopened" his case after the first notice of action reflecting a 40–month parole date was sent out. Second, he asserted that the Parole Commission's decision to set parole at 60 months—a date beyond the parole release guideline range—was not supported by "good cause," as required by 18 U.S.C. § 4206(c).[2] The district court rejected both claims. On appeal, Solheim challenges that decision. He also argues that the district court erred in dismissing his petition without holding an evidentiary hearing, because, he claims, a material issue of fact existed as to whether a clerical error had, in fact, occurred in the issuance of the first notice of action. We address this contention first.

## I.

We hold that the district court did not err in failing to hold an evidentiary hearing. Such a hearing is required only where a petition for habeas corpus raises disputed questions of essential fact. *See Bergenthal v. Cady*, 466 F.2d 635, 638 (7th Cir.1972), *cert. denied*, 409 U.S. 1109, 93 S.Ct. 913, 34 L.Ed.2d 690 (1973). The only fact germane to this case is whether the first order reflecting the 40–month release date was signed by the Regional Commissioner. If it was not, the order had no legal effect and was not valid under the applicable regulations. *See* 28 C.F.R. § 2.23(d) (1987) ("A recommendation of a hearing examiner panel shall become an effective Commission decision *only upon*

the Regional Commissioner's approval....") (emphasis added).[3] The order, which was available to the district court and which is part of the record on appeal, clearly lacks the signature of the Regional Commissioner. Solheim does not dispute this fact. The required approval of the Regional Commissioner is thus absent. Therefore, the conclusion that the first notice reflecting a 40–month release date was sent as a result of clerical error is inescapable. An evidentiary hearing was entirely unnecessary.

## II.

Solheim contends that the Commission impermissibly "reopened" his case when it voided the first Notice of Parole and subsequently set a date of 60 months. Solheim points to 28 C.F.R. § 2.28, which provides for reopening a case under certain circumstances. Because none of these circumstances was present in this case, Solheim argues that the "reopening" of his case was impermissible.

Solheim's argument suffers a fundamental flaw. Solheim assumes his case was "reopened" when the Commission set a date of 60 months. A case can be "reopened," however, only if final action has previously been taken. In Solheim's case, no final determination as to his parole was made prior to September 17, 1986, when the Regional Commissioner approved the 60–month parole date. Solheim incorrectly assumes that the hearing examiners' recommendation of 40 months reflected a final decision of the Commission but, as noted

---

2. 18 U.S.C. § 4206(c) provides:

The Commission may grant or deny release on parole notwithstanding the guidelines ... if it determines there is good cause for so doing: *Provided*, That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.

3. Moreover, the United States Parole Commission Rules and Procedures Manual provides, in paragraph 2.12–03:

[A] hearing panel may recommend that parole based upon the record be granted. When such recommendation is made by a hearing panel and the Regional Commissioner concurs, a standard Notice of Action will be issued.... *If the Regional Commissioner does not concur, the panel recommendation is voided* and the case will be scheduled for hearing under the standard procedure.

(Emphasis added.)

previously, such an assumption is erroneous. A recommendation of a hearing examiner panel is not valid without the Regional Commissioner's approval. 28 C.F.R. § 2.23. It matters not that a notice of action was mistakenly issued, informing Solheim of a parole date upon 40 months. The notice was not based upon any valid, binding order of the Regional Commissioner and, thus, it carried no legal effect.

Since there had not been a valid, final order setting Solheim's parole at 40 months, the subsequent action of the Parole Commission setting a parole date at 60 months did not constitute a "reopening" of Solheim's case. The district court was correct in rejecting Solheim's argument.

### III.

■ Finally, Solheim contends that the 60–month date is unreasonable. Solheim's parole guideline range indicated parole upon service of 12–18 months. The Parole Commission may set parole beyond the guideline range if "it determines there is *good cause* for so doing...." 18 U.S.C. § 4206(c) (emphasis added). In reviewing the Commission's decision, we may examine only whether it is "arbitrary, irrational, unreasonable, irrelevant, or capricious." *Walker v. United States*, 816 F.2d 1313, 1316 (9th Cir.1987).

The record amply supports a factual basis for a finding of good cause. The Commission had good reason to believe Solheim was a poorer risk for parole than his salient factor score would indicate. It noted that Solheim had a history of drug trafficking dating back to 1975 and that he had made seven successful smuggling trips prior to being arrested for the instant offense. Moreover, the Commission found that Solheim willfully concealed more than a million dollars in cash in his possession in order to cause bond to be set at a lower amount. In view of these circumstances, the Commission could conclude with good cause that the likelihood that Solheim would re-engage in drug activity was suffi-ciently great to extend his release date beyond the guideline range.

We find that the Commission's decision setting parole at 60 months was amply supported by good cause.

Petitioner's other contentions are rejected, and the district court's judgment is AFFIRMED.