959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Craig W. FRAZIER, Petitioner/Appellant,
v.
Jack MCCORMICK, Warden, Montana State Prison, Respondent/Appellee.
 No. 90-35754.
 United States Court of Appeals, Ninth Circuit.
 Submitted: March 3, 1992.*
Decided April 6, 1992.
 
 1
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and FONG,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner/Appellant Craig W. Frazier ("Frazier") appeals from the order of the district court denying his petition for a writ of habeas corpus. In his appeal, Frazier claims that (1) the district court improperly denied the petition without holding an evidentiary hearing, (2) he was coerced into entering the plea agreement under the threat of Montana's dangerous or persistent felony offender statute, and (3) the prosecutor breached the terms of the plea agreement.
 
 BACKGROUND
 
 4
 By March of 1988, Frazier had been charged with committing eight felonies and two misdemeanors in Cascade County, Montana. On March 22, 1988, the prosecuting attorney sent Frazier's counsel a letter detailing the terms of a proposed plea agreement, which states in part:
 
 
 5
 In return for his guilty pleas, I am dismissing four felony counts and two misdemeanors. In addition, I will not seek to have the defendant declared "dangerous" or a Persistent Felony Offender.
 
 
 6
 In the letter, the prosecuting attorney also indicates that he will argue for thirty (30) years actual incarceration, leaving the amount of suspended time to the discretion of the state court. On April 9, 1988, Frazier entered into a plea agreement with the Cascade County Attorney's Office, and on April 19, 1988, Frazier pled guilty to four felonies pursuant to the agreement.
 
 
 7
 At the change of plea hearing on April 19, 1989, Frazier stated that there had been no threats against him or promises to him, except those contained in the plea agreement, in connection with the guilty pleas that Frazier sought to enter. Frazier also acknowledged that, pursuant to the plea agreement, the state prosecutor would recommend thirty (30) years incarceration and that the sentencing judge was not bound by the recommendation.
 
 
 8
 On May 17, 1988, Frazier was sentenced to fifty-five (55) years in the Montana state prison, with twenty-five (25) years suspended. On January 11, 1989, Frazier filed a habeas petition in the Montana Supreme Court, alleging that the state prosecutor had improperly used the state habitual criminal statutes to induce Frazier into pleading guilty and that the state prosecutor had breached the plea agreement. The Montana Supreme Court denied the petition on March 21, 1989. In denying habeas relief, the Montana Supreme Court found that Frazier had been represented by a competent attorney who had questioned him extensively regarding his understanding of his plea and possible sentence.
 
 
 9
 Frazier filed the present habeas petition on April 4, 1989, alleging the same grounds previously raised in the state petition. Both parties filed motions for summary judgment on the petition. The magistrate judge issued findings and recommendations on August 6, 1990. On August 28, 1990, Frazier filed objections and a motion for an evidentiary hearing. And, on August 31, 1990, the district court adopted the magistrate judge's finding, denied Frazier's motion for summary judgment, granted the State of Montana's motion for summary judgment, and denied the petition for writ of habeas corpus.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 10
 The district court's decision on a habeas petition is reviewed de novo. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir.1986). State court determinations of historical fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(d) unless the Court concludes that the findings lack fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 103 S.Ct. 843 (1983). As such, findings of historical facts underlying a state court's conclusion of voluntariness of a guilty plea are given deference in a habeas proceeding and are reviewed for clear error on appeal. Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir.1986) (relying on Marshall ).
 
 II. EVIDENTIARY HEARING
 
 11
 Frazier first contends that the district court erred in refusing to hold an evidentiary hearing to determine whether the prosecutor's alleged threat to invoke the dangerous or persistent felony offender statute against Frazier was a significant factor in the plea negotiations. An evidentiary hearing is required where a petition for habeas corpus raises disputed issues of "essential" fact that cannot be resolved on the basis of the pleadings. Solheim v. Armstrong, 859 F.2d 755, 757 (9th Cir.1988). A hearing is unnecessary, however, where a party elects to rely upon the evidentiary record before the district court.
 
 
 12
 When Frazier sought a judgment on the pleadings, he chose to rely on the record already before the court. By filing the motion for summary judgment, Frazier represented to the district court that the essential facts were not in dispute and that the evidentiary record from the state court proceedings was sufficient to permit a ruling on his claims. Frazier asserted that an evidentiary hearing was required only after the magistrate judge had considered and rejected the sufficiency of Frazier's evidence.
 
 
 13
 On this basis, we conclude that Frazier's motion for summary judgment precludes his later claim that the district court erred in denying the habeas petition without an evidentiary hearing.
 
 III. COERCION
 
 14
 Based upon the evidence in the record, it appears that Frazier's admission of guilt was not the result of threat or other coercion.[1] It is well established that a guilty plea must be the voluntary expression of the defendant's own choice. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469 (1970). The plea is void if it is "induced by promises or threats which deprive it of the nature of a voluntary act." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513 (1972). Even though a defendant's testimony at a change of plea hearing carries a strong presumption of verity, a court cannot reject a defendant's claim of coercion solely on the basis of such testimony. See generally Blackledge v. Allison, 431 U.S. 63, 76, 97 S.Ct. 1621 (1977) (rejecting per se rule).
 
 
 15
 In his petition, Frazier alleges that he was coerced into pleading guilty by the threat of incarceration as a "dangerous" or "persistent" felony offender. Frazier, however, has not presented sufficient evidence that the alleged threat was a significant factor in his decision to plead guilty to the four felony counts. The references in the March 22, 1989 letter and the plea agreement indicate, at best, that the state prosecutor had considered charging Frazier under Montana's dangerous or persistent felony offender statute. Apart from these references, the state prosecutor made significant concessions in dismissing four felony and two misdemeanor charges and in recommending a thirty-year term of imprisonment. Also, there is no evidence in the record that Frazier's defense counsel participated in any threatening behavior. The state court found that Frazier had been represented by competent counsel and had been questioned extensively by said counsel regarding his understanding of the plea agreement and possible sentence.
 
 
 16
 In reviewing the transcript of the plea hearing, the appellate court may afford substantial weight to Frazier's representations that his pleas were not the result of threat or promise. Frazier has failed to present sufficient evidence to overcome the strong presumption created by his own sworn testimony.
 
 
 17
 For these reasons, we deny Frazier's request that his admissions of guilt be set aside.
 
 IV. PLEA AGREEMENT
 
 18
 Finally, Frazier asserts that the signed plea agreement contains a "promise" that he would be sentenced to thirty (30) years' imprisonment with no time suspended. On this basis, Frazier concludes that the prosecuting attorney breached the plea agreement because his sentence, in fact, totalled fifty-five (55) years with twenty-five (25) years suspended.[2]
 
 
 19
 The interpretation of a plea agreement, contractual in nature, is a question of fact for the district court that is reviewed only for clear error. United States v. Sutton, 794 F.2d 1415 (9th Cir.1986). The district court's determination that the prosecutor did not promise a particular sentence in the plea agreement is not clearly erroneous. Paragraph 5 of the agreement provides that "[t]he State remains free to argue at sentencing for thirty (30) years incarceration in Montana State Prison." Paragraph 6 of the agreement states that "[e]ach party recognizes that sentencing in this matter is entirely within the discretion of [the trial court], and subject only to the limitations of statutory and case law." Frazier's testimony at the change of plea hearing confirms the contractual limitations of the plea agreement.
 
 
 20
 Accordingly, we reject Frazier's claim that the prosecutor breached the plea agreement.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral arguments. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Harold M. Fong, United States District Court for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Frazier contends that the dangerous or persistent felony offender statute did not apply in his case and, therefore, the alleged threat was impermissible because "the deputy county attorney and his attorney both knew that appellant [Frazier] was twenty (20) years old, and that appellant [Frazier] had 'no prior record.' " Brief of Appellant, p. 5
 
 
 [2]
 As a preliminary matter, Frazier was sentenced to thirty (30) years of actual incarceration--the same number of years recommended by the state prosecutor pursuant to the plea agreement