15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jon Robert PERROTON, Petitioner-Appellant,
v.
W. SEIFERT, Warden, Respondent-Appellee.
 No. 91-56409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jon Robert Perroton, a federal prisoner, appeals pro se from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241.[1] Perroton contends (1) the United States Parole Commission abused its discretion by extending his parole release date beyond the applicable parole guidelines range, (2) the Sentencing Guidelines should be applied on his behalf, and (3) he has a liberty interest requiring that he be released on his minimum parole eligibility date. We affirm because we find no merit to any of these claims.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Perroton was indicted in the Northern District of California on February 20, 1985, in a twenty-seven count indictment charging bank larceny, making false statements to banks in loan applications, and interstate transportation of monies taken by fraud. On April 8, 1985, the Government filed a three-count superseding information. Count one charged that Perroton committed bank larceny by obtaining $176,141 belonging to Crocker National Bank in violation of 18 U.S.C. Sec. 2113(b). Count two charged that Perroton transported $121,000 from Portland to San Francisco knowing that the money was taken by fraud in violation of 18 U.S.C. Sec. 2314. Count three charged that Perroton committed bank fraud by executing and attempting to execute a scheme to obtain approximately $20,000,000 from Hybernia Bank in San Francisco through fraudulent representations in violation of 18 U.S.C. Sec. 1344. Perroton pled guilty to all three counts of the superseding information. He was sentenced to ten years on count one, ten years on count two to run consecutive to count one, and five years on count three to run concurrent with the sentence on count two, for a total of 20 years (240 months). Perroton began serving his sentence on July 22, 1985.
 
 
 4
 On December 12, 1986, Perroton appeared before a hearing panel of the United States Parole Commission. The panel determined that the parole guideline range applicable to Perroton was 52 to 64 months, but concluded that Perroton should serve 120 months because of the magnitude of his crime. The panel determined that Perroton should be given a presumptive parole release date of January 30, 1995. On January 8, 1987, the Parole Commission affirmed the hearing panel's recommendation. Perroton appealed to the National Appeals Board, which affirmed the Parole Commission's decision on May 15, 1987.
 
 
 5
 Perroton received an interim hearing before the Parole Commission in August 1991. The Commission rescinded the presumptive parole date of January 30, 1995 and continued the presumptive parole date until May 30, 1995. Perroton appealed to the National Appeals Board, and on April 8, 1992, the Board affirmed the Parole Commission's decision.
 
 
 6
 On December 4, 1990, Perroton filed a petition for a writ of habeas corpus in the district court. Perroton argued (1) he was entitled to an immediate parole release date, (2) the Parole Commission was required to set his parole release date within the relevant parole guideline range, and (3) he was entitled to be sentenced in accordance with the Sentencing Guidelines as promulgated under the Sentencing Reform Act. The district court rejected all three claims.
 
 II.
 STANDARD OF REVIEW
 
 7
 We review de novo the district court's denial of a petition for a writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992). We review the Parole Commission's determination to render a parole decision outside the applicable guidelines range to determine if the Commission had good cause for making its decision. Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). Good cause requires a showing that the Commission's decision was not "arbitrary, irrational, unreasonable, irrelevant or capricious." Id. (internal quotation and citation omitted).
 
 III.
 
 8
 THE PAROLE COMMISSION HAD GOOD CAUSE FOR EXTENDING
 
 
 9
 PERROTON'S PAROLE DATE BEYOND THE RELEVANT GUIDELINE RANGE
 
 
 10
 Perroton contends that the Parole Commission abused its discretion by setting a parole release date which exceeded the guidelines range of 52 to 64 months.[2] The Commission justified its decision on the basis that Perroton's offense was of unusual financial magnitude since it involved fraudulent loan applications in excess of $20,000,000. The Commission further noted that Perroton's fraudulent activities occurred over a two-year time span, and that the offenses were well planned and sophisticated.
 
 
 11
 The Parole Commission premised Perroton's parole release date calculation upon several specific factors regarding the significant nature of his offense. These factors are sufficient to demonstrate that the Parole Commission's decision was based upon good cause. See, e.g., H.R.Conf.Rep. No. 94-838, 94th Cong., 2d Sess. 19, 27 (1976) (what constitutes "good cause" covers many circumstances and includes such factors as whether the prisoner was involved in an offense of unusual planning or sophistication, has a lengthy criminal record, or was part of a large scale conspiracy or continuing criminal enterprise); Solheim v. Armstrong, 859 F.2d 755, 758 (9th Cir.1988) (parole date 42 months in excess of guideline range supported by good cause when defendant had history of drug trafficking and wilfully concealed in excess of one million dollars to cause bond to be set at lower amount); Coleman v. Perrill, 845 F.2d 876, 879-80 (9th Cir.1988) (parole date 16 months in excess of guideline range supported by good cause when defendant, a parolee, engaged in a high speed chase to avoid police and violated prohibition against associating with convicted criminals).
 
 
 12
 Perroton also contends that the Parole Commission, in reaching their decision to exceed the parole guideline range, failed to follow proper evidentiary standards by improperly relying upon a presentence report setting forth in detail the nature and extent of Perroton's illegal activities. We reject this claim because Congress specifically authorized the Parole Commission to consider information contained within presentence investigation reports. See 18 U.S.C. Sec. 4207(3).[3]
 
 IV.
 THE SENTENCING GUIDELINES ARE INAPPLICABLE
 
 13
 Perroton contends that he has already served a prison sentence which would exceed the worst scenario calculation he would have received assuming that he was sentenced under the Sentencing Guidelines. Perroton claims that this represents the type of widespread disparity that the Sentencing Guidelines were intended to resolve. We reject Perroton's claims because the Sentencing Guidelines are inapplicable in this matter as Perroton's offenses were all committed prior to the November 1, 1987 effective date of the Guidelines. See United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987) (Sentencing Guidelines do not apply to conduct committed before November 1, 1987).
 
 
 14
 Perroton again refers to the Sentencing Guidelines when he cites to a Senate Report which states that "[t]he Committee intends that, in the final setting of release dates under this provision, the Parole Commission give the prisoner the benefit of the applicable new sentencing guideline if it is lower than the minimum parole guideline." Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Sec. 325 n. 430. However, the Parole Commission is not set to expire until November 1, 1997, and the Commission is not required to set final release dates any earlier than three to six months prior to its expiration. See 28 C.F.R. Sec. 2.64(b)(3); Stange v. United States Parole Comm'n, 875 F.2d 760, 762 (9th Cir.1989) (release dates required by section 235(b)(3) need not be set any earlier than three to six months before the end of the Commission's existence); Kele v. Carlson, 854 F.2d 338, 339-40 (9th Cir.1988) (Parole Commission need not set release dates for anyone who will be on parole on the date of expiration of the Parole Commission). Because Perroton's presumptive release date of May 30, 1995 is well in advance of the date in 1997 when the Parole Commission is required to set final release dates, Perroton does not fall within the category of inmates who would benefit from a lower sentence under the Sentencing Guidelines.
 
 V.
 
 15
 WE DECLINE TO ADDRESS WHETHER PERROTON HAS A LIBERTY
 
 INTEREST REQUIRING THAT HE BE RELEASED ON HIS
 MINIMUM PAROLE ELIGIBILITY DATE
 
 16
 In a caption of his appellate brief, Perroton contends that the Sentencing Reform Act of 1984 created a liberty interest requiring his release on his minimum parole eligibility date. However, Perroton's sole reference to this argument appears in his "Statement of Issues Presented for Review." In the argument section of his brief, Perroton fails to explain the basis for his contention and also fails to cite any relevant authority. Instead, Perroton makes an Equal Protection argument, apparently attacking the disparity between his sentence and that of a "similarly situated offender" under the Sentencing Guidelines.[4]
 
 
 17
 The Government correctly cites Federal Rule of Appellate Procedure 28(a)(5), which requires that an appellant's brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Fed.R.App.P. 28(a)(5). We will not generally address issues raised which do not comport with the requirements of this rule. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144, 1993 U.S.App. LEXIS 38215, at * 16 (9th Cir. Oct. 8, 1993) (Court refused to address pro se prisoner's claim because "Issues raised in a brief which are not supported by argument are deemed abandoned.... We will only review an issue not properly presented if our failure to do so would result in manifest injustice.") (citations omitted). Since there is no possible manner in which to construe Perroton's brief as arguing that he had a liberty interest requiring his release on his minimum parole eligibility date, we decline to address his claim.[5]
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Perroton was represented by counsel before the district court
 
 
 [2]
 The Government contends that this is a new issue on appeal but addresses Perroton's claim because the district court indicated that there was sufficient evidence for the Parole Commission to depart and because there is sufficient evidence in the record for this court to address the claim. Therefore, we address the merits of Perroton's contention
 
 
 [3]
 This section was originally designated to expire November 1, 1992, five years after the effective date of the Sentencing Guidelines. Subsequently, Congress extended its life until November 1, 1997. Judicial Improvements Act of 1990, Pub.L. No. 101-650, Sec. 316, 104 Stat. 5089, 5115
 
 
 [4]
 This argument was not presented to the district court, and the general rule of this circuit is that we do not address issues raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). However, we address the merits of Perroton's claim because as a pure question of law, it falls within one of the exceptions to the general rule. Id. In support of his Equal Protection claim, Perroton cites McLaughlin v. Florida, 379 U.S. 184, 192 (1964) (Equal Protection Clause was "intended to secure 'the full and equal benefit of all laws and proceedings for the security of persons and property' and to subject all persons 'to like punishment, pains, taxes, licenses, and exactions of every kind, and to no other.' ") (citation omitted); Skinner v. Oklahoma, 316 U.S. 541 (1942); (the law may not "lay an unequal hand upon those who have committed intrinsically the same quality of offense"). There is no merit to Perroton's argument because "[a] legislature may prospectively reduce the penalty for a crime without affecting those previously sentenced." United States v. Hoyt, 879 F.2d 505, 514 (9th Cir.), amended in part, 888 F.2d 1257 (9th Cir.1989)
 
 
 [5]
 We note that Perroton argued before the district court that he had a liberty interest which required the Parole Commission to set his release date within the parole guideline range. The district court rejected Perroton's claim. On appeal, Perroton uses a caption heading to indicate that he has a liberty interest requiring the setting of a release date at his minimum eligibility date as opposed to a date within the guideline range